## Case No. 14,881.

UNITED STATES v. CRAFTON et al.

[4 Dill. 145;[1] 17 Am. Law Reg. (N. S.) 127; 23 Int. Rev. Rec. 186; 4 Cent. Law J. 441.]

Circuit Court, W. D. Missouri. April, 1877.

CONSPIRACY TO DEFRAUD—REQUISITES OF INDICTMENT—REV. ST. § 5440, CONSTRUED.

Requisites of an indictment for conspiracy to defraud the United States, under section 5440 of the Revised Statutes, considered; and that section *held* not to extend to a case where the contemplated fraud depends entirely upon the passage of a future act of congress to make it effective.

Demurrer to indictment for conspiracy to defraud the United States. The indictment, in substance, charges: 1. That John D. Crafton, one of the defendants, was, at the

[1] [Reported by Hon. John F. Dillon. Circuit Judge. and here reprinted by permission.]

time charged, the adjutant-general and acting paymaster-general of the state of Missouri; that John D. Crafton, Jr., was a clerk in his office; that the defendants, George M. Irvin, John C. Bender, and Waller Young, were acting as the agents and attorneys for the collection of a claim and demand alleged to be due the members of a certain company of enrolled Missouri militia, growing out of their alleged services in the war for the suppression of the Rebellion. 2. That, for the purpose of defrauding the United States out of the money alleged to be due for such services, the said defendants conspired together to obtain the payment thereof out of the treasury of the United States. 3. That, to effect the object of said conspiracy, the defendants, Irvin, Bender, and Young, made a false and fictitious muster and pay-roll of said company, and presented the same to the defendant John D. Crafton, as such acting paymaster-general, to audit, approve, and allow the claim contained in said roll. 4. That, to further effect the object of said conspiracy, the defendant John D. Crafton, as acting paymaster-general, did audit, approve, and allow such claim, and issued certificates of indebtedness of the state of Missouri for the amount claimed to be due on said roll, and delivered them to the defendant Young. 5. That, further to effect the object of the conspiracy, all of the defendants transmitted the false and fictitious muster and pay-roll of said company to the third auditor of the treasury of the United States, with the amount on said roll as audited, approved, and allowed, and showing the issue of the certificates of indebtedness therefor, for file by the third auditor of the treasury department of the United States, until such time as congress should thereafter provide for the payment of the fraudulent claim contained in and upon said roll. 6. That, further to effect the object of the conspiracy, the defendants employed Craig and Strong to secure the passage of a bill which had been introduced into the senate of the United States for the payment of said fraudulent claims.

Mr. Mullins, U. S. Dist. Atty.

Mr. Chandler, Mr. Kemp, and Mr. Lay, for defendants.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. The indictment is founded upon section 5440 of the Revised Statutes, which is as follows: "If two or more persons conspire * * to defraud the United States in any manner, or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of," etc.

The nature of the acts charged against the defendants in the indictment, are more fully

seen by reference to the act of the legislature of Missouri, approved March 19th, 1874. entitled "An act to audit and adjust the war debt of the state." Laws 1874, p. 102. § 10 et seq. The claims "of officers and soldiers of the enrolled Missouri militia" were primarily, and, until assumed by congress. exclusively, against the state, and not against the general government. The latter has never assumed their payment. If, at the time that the acts set forth in the indictment were done, the general government had provided for the payment of such claims out of its own treasury, undoubtedly those acts, fraudulent in their nature and object, would have been criminally punishable. It is just at this point that the case stated in the indictment is vulnerable Under the recognized rules of criminal pleading, it is not sufficient to allege generally a conspiracy to defraud; but the nature of the fraud, and, to the required extent, the manner in which, or the means by which, it was to be effected, must be averred. U. S. v. Cruikshank, 92 U. S. 542, 558. In the case at bar, this has been attempted by the pleader, but the difficulty is that, it appears from the averments, the alleged conspiracy to defraud the United States was, under the existing legislation of congress, legally impossible of execution. The fraudulent muster and pay-roll was transmitted to the third auditor to be filed, to await the passage of an act of congress which should provide for the payment of the fraudulent claims contained therein. It was not filed as an existing claim against the United States; on the contrary, the debt to the persons named in the roll was the debt of the state, and would remain such unless congress should assume it. It could not be known that such assumption would ever be made, or, if made, that the said rolls would have any legal significance or value.

However fraudulent in ulterior design, or morally reprehensible the acts charged in the indictment may be, still our judgment is that section 5440 of the Revised Statutes cannot be extended to a case where the fraud which the conspiracy contemplated can only be effected in case an act of congress shall be thereafter passed of a nature to fit the prior conspiracy and give it something to feed upon. The demurrer to the indictment must be sustained. Judgment accordingly.