## JOHNSON v. UNITED STATES.

Circuit Court of Appeals, First Circuit. May 20, 1909.)

No. 810.

**1.** CRIMINAL LAW (§ 674*)—TRIAL—RECEPTION OF EVIDENCE.

The rule applied that, on the trial of a criminal case, the judge may in his discretion exclude evidence of facts which, though relevant to the issue, appear to him to be too remote to be material under all the circumstances of the case.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 674.*]

**2.** CRIMINAL LAW (§ 825*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

The rule applied that, where the instructions of the court on a particular issue in a criminal case are correct as far as they go, the omission to call attention to a particular phase of such issue is not ground for reversal, unless the court's attention was called to it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2005; Dec. Dig. § 825.*]

**3.** BANKRUPTCY (§ 495*)—OFFENSES AGAINST BANKRUPTCY LAW—CONCEALMENT OF PROPERTY—EVIDENCE.

On the trial of a bankrupt, charged with concealment of property from his trustee, testimony of the trustee is admissible to show that he was not

informed by defendant that property belonging to him was stored in places where that charged to have been concealed was found by the trustee. Jacobs v. United States, 161 Fed. 694, 88 C. C. A. 554, and Johnson v. United States, 163 Fed. 30, 89 C. C. A. 508, construed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 495.*]

In Error to the District Court of the United States for the District of Massachusetts.

See, also, 89 C. C. A. 508, 163 Fed. 30.

John J. Coady (Harvey H. Pratt, on the brief), for plaintiff in error.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., on the brief), for the United States.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This was an indictment of a bankrupt for concealing certain goods in fraud of his bankruptcy. He was convicted and sentenced, and then sued out this writ of error. There are quite a number of alleged errors assigned, but they class themselves as stated herein.

The first alleged error was that the court allowed proof of a declaration by Johnson, the bankrupt, made in August, to the effect that he intended to open a number of stores in the autumn, and "stick it into those people" who have been trusting him, "and let the whole thing go up in smoke in April." He meant April of the following year, and he made an assignment for the benefit of his creditors on the 2d day of that month. The only apparent objection to this is the remoteness of the declaration from the consummation of the intention declared. It does not seem to us to be sufficiently remote to be objectionable on that score. Moreover, on questions of remoteness of this character, the trial judge is permitted to exercise a certain degree of discretion which we cannot overrule in this case.

Then come several alleged errors based on the fact that, while the indictment sets out that the details of the goods secreted were unknown to the grand jurors, a bill of particulars was filed by the United States on the order of the court on Johnson's motion. These alleged errors relate to evidence which the court admitted with reference to other goods, the whole having a tendency to show that there was a connected intent on the part of Johnson with reference to a general concealment of merchandise from his creditors. The point of the objection seemed to be the rule that nothing except what was detailed in the bill of particulars could lay the basis of a conviction; but, on the attention of counsel being called to the distinction arising from the fact that the evidence objected to was well within the supplemental rule, admitting, for the purpose of showing a fraudulent intent, contemporaneous acts of a character similar to that charged in the indictment, we understood counsel to waive these alleged errors, as they properly should have done.

Johnson also objects that the court refused to admit his wife to prove that up to the time of failure he was paying all his creditors

in the usual way. This was offered for the purpose of showing that there had been no attempt to conceal assets. This was a matter of so little weight, and so remote, that we think it was within the discretion of the trial judge to refuse to admit it, and that the exercise of this discretion was of such a character that, under the circumstances, we are not called on to revise it. We adhere to, and approve, the rule stated in Chase's Stephen's Digest of the Law of Evidence (2d Ed.) 6, as follows:

"The judge may exclude evidence of facts which, though relevant or deemed to be relevant to the issue, appear to him too remote to be material under all the circumstances of the case."

Illustrations of this rule are found in the succeeding pages of the work cited and in the notes to the text.

The next alleged error is that the trial judge erred in his instructions to the jury concerning the failure of Johnson to keep books of account. It appears that he did not keep books of account, and the reason he gave was that his transactions were strictly cash, and kept on slips which were destroyed as each transaction was closed. The court submitted the facts about this matter to the jury, to be weighed by them on the question of intent. The court undoubtedly had generally the right to do this. The instructions excepted to cover nearly two pages. So far as they go they are correct, so that, in any event, this court would not be compelled to act on exceptions to a whole mass of instructions, as were those at bar, unless very substantial error existed. Passing by that, the instructions, as we have said, are correct so far as they go; and, if the court omitted to call attention to some particular phase which might not have been in its mind, and which was in the mind of Johnson, it was the duty of Johnson to call attention to it, and ask further instructions if he desired to except. This is the ordinary and just rule.

The trustee in bankruptcy was permitted to testify that he had never learned from Johnson that there was property belonging to him stored in the places where the goods covered by the indictment were found, and that the trustee himself found the goods in question. apparently without the assistance of the bankrupt. This was objected to on the ground that it was an attempt to disclose Johnson's testimony before the referee. The decisions of this court in Jacobs v. United States, 161 Fed. 694, 88 C. C. A. 554, and Johnson v. United States, 163 Fed. 30, 89 C. C. A. 508, are relied on by the plaintiff in error. In these cases it was decided in substance that neither a bankrupt's schedules in bankruptcy nor his examination before the referee, if objected to by the bankrupt, are admissible on an indictment of this character. Also, in Jacobs v. United States, indirect methods of getting in the examination were condemned; and it is especially on that point that the plaintiff in error now relies. No exception was taken to the form of the interrogatory. It is difficult to conceive how, ordinarily, the fact of concealment in violation of the statute can be proven, except by testimony drawn from the trustee in this manner; and we have no doubt that, standing alone, this question and answer are not covered by either of the two decisions cited, or that, standing alone, no error would appear. The record, however,

shows that, on the cross-examination of the plaintiff in error, the fact that there had been an examination of the bankrupt was put into the case without any objection. In the order in which the record is made up, this was apparently put in before the testimony of the trustee was offered; and it is in view of that fact that the plaintiff in error urges that the United States, in putting in this testimony, had reference to the examination before the referee, and thus sought to accomplish a result in an indirect method which had been condemned generally in Jacobs v. United States. This, however, is not the natural order in which the case would be brought out. The trustee's evidence introduced by the United States would naturally precede the testimony of the plaintiff in error, who was called in his own behalf. The objection to the introduction of the testimony of the trustee makes no allusion to the fact that the existence of an examination had already been introduced in evidence; so the record does not show that, when the objection was made in connection with the introduction of that testimony, the attention of the trial court was called to the fact that there had been an examination before the referee. Therefore, in any event, whatever the order of the evidence, the attention of that court was not called to the specific point on which the plaintiff in error now relies. Consequently, we are compelled to treat the evidence of the trustee as though it stood by itself; and, standing by itself, we, as we have said, have no doubt of its admissibility.

We believe we have now considered all the propositions brought to our attention by Johnson, and we find no error in the record.

The judgment of the District Court is affirmed.