DUFF v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 15, 1911.)

No. 980.

1. CRIMINAL LAW (§ 753*)—TRIAL—SUFFICIENCY OF EVIDENCE—DIRECTION OF VERDICT.

Where the evidence for the government, if assumed to be true in fact, together with all reasonable inferences therefrom, is not legally sufficient to support a verdict of guilty, it is the trial court's duty, on being moved thereto, to direct a verdict of acquittal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1727; Dec. Dig. § 753.*]

2. INTERNAL REVENUE (§ 47*)—OFFENSES—DESTRUCTION OF STAMPS.

Where accused was one of three persons, each of whom held a retail liquor dealer's special tax stamp for a saloon in which government officers found a bottle which had been refilled with spirits without destroying the internal revenue stamps previously affixed thereto, in violation of Act Cong. March 3, 1897, c. 379, § 6, 29 Stat. 627 (U. S. Comp. St. 1901, p. 2152), but there was no evidence that the bottle was refilled by accused, or by his procurement, or by any one acting for him, he could not be convicted of violating such act.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. § 47.*]

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Philippi.

Lloyd Duff was convicted of refilling a bottle of distilled spirits without destroying the stamp previously affixed thereto, and he brings error. Reversed.

John P. Arbenz, for plaintiff in error.

H. Roy Waugh, Dist. Atty. (John Marshall, Asst. Dist. Atty., on the brief), for the United States.

Before PRITCHARD, Circuit Judge, and McDOWELL, and ROSE, District Judges.

ROSE, District Judge. The plaintiff in error, to be hereafter referred to as the defendant, was convicted for a violation of section 6 of the Act of March 3, 1897, c. 379, 29 Stat. 626, 627, 3 Fed. Stats. Ann. 704 (U. S. Comp. St. 1901, p. 2152). This section reads, so far as is material:

"That any person who shall * * * re-use a bottle for the purpose of containing distilled spirits which has once been filled and stamped under the provisions of this act without removing and destroying the stamp so previously affixed to such bottle * * * shall be fined," etc.

The government proved that its revenue officers had found in April, 1909, in a saloon in Pine Grove, W. Va., such a bottle with the stamps intact, the contents of which were 44 proof whisky. The defendant was one of three persons, each of whom at that time held a retail liquor dealer's special tax stamp for the saloon in question. At the time the bottle was found, and for 17 days preceding, the saloon had been in the custody of a constable, who had seized it under an attachment for rent. There was no evidence to show who, in point of fact, had refilled the bottle in question. At the close of the testimony the defendant moved the court to direct a verdict of not guilty. The instruction was refused. This refusal is assigned as error.

In a criminal cause, where the evidence for the government, if assumed to be true in fact, together with all reasonable inferences from it, is not legally sufficient to support a verdict of guilty, it is the duty of the trial court, upon being moved thereto, to direct a verdict of not guilty. Crumpton v. United States, 138 U. S. 361, 363, 11 Sup. Ct. 355, 34 L. Ed. 958; France v. United States, 164 U. S. 676, 681, 17 Sup. Ct. 219, 41 L. Ed. 595. In the record in this case we find no evidence that the bottle in question was refilled by the defendant, or by his procurement, or by any one acting for him. The learned court below was therefore in error in refusing the instruction asked for. The judgment must therefore be reversed, and the case remanded for a new trial.

Reversed.