### UNITED STATES v. WALDMAN et al.

(Circuit Court, S. D. New York. May 15, 1911.)

1. BANKRUPTCY (§ 485*)—OFFENSES—CONSPIRACY—CONCEALED ASSETS.

Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), makes it a criminal offense for a person to have knowingly and fraudulently concealed while a bankrupt, or after his discharge, from the trustee, any of his property belonging to his estate in bankruptcy. *Held* that, since the act does not make it a criminal offense for a person not a bankrupt to conceal the bankrupt's property from the trustee, an indictment charging that defendants, who were in no manner officially connected either as directors or stockholders with the bankrupt corporation, conspired to conceal assets of the corporation from the trustee in bankruptcy, and in pursuance of such conspiracy they removed the corpo-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ration's stock of goods from its place of business and caused the same to be sold and concealed the proceeds, did not state an offense.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906–908; Dec. Dig. § 485.*]

**2. BANKRUPTCY (§ 494*)—OFFENSES—INDICTMENT.**

Where an indictment for conspiracy to conceal the assets of a bankrupt corporation from its trustees alleged as the overt act, that defendants removed and sold the bankrupt's stock of goods and concealed the proceeds from the bankrupt's receiver and trustee, but did not allege any of the circumstances under which the goods were removed, so as to show that such removal was illegal, and not under legal process, it was insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*]

**8. BANKRUPTCY (§ 494*)—OFFENSES—INDICTMENT—CERTAINTY—FALSE OATHS IN BANKRUPTCY PROCEEDINGS.**

An indictment charging conspiracy to give false oaths in a bankruptcy proceeding which failed to allege what false oaths were to be given, or what the subject of the oaths was, with such reasonable particularity as would advise defendant of the charge against him, was insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*]

Philip Waldman and others were indicted for conspiracy to induce a bankrupt corporation to knowingly conceal its assets from its creditors, and they demur. Sustained.

Henry A. Wise, U. S. Atty., and Isaac H. Levy, Asst. U. S. Atty.

Charles L. Hoffman (Ernest E. Baldwin, of counsel), for defendants Waldman, Kline and Ordover.

Archibald Palmer, for defendants Kopelman, Finkelstein, and Rubin.

HOLT, District Judge. This is a demurrer to an indictment against Philip Waldman, Barnett Kopelman, Sam Kline, Paul Finkelstein, Morris Ordover and Morris Rubin. The indictment contains two counts.

[1] The first count charges that on December 26, 1910, S. Fineman Company was a corporation dealing in dry goods at New York; that it had belonging to it a stock of merchandise of the value of about $8,000; that on said date the defendants "did contemplate, anticipate, and expect that the said S. Fineman Company should be thereafter adjudged a bankrupt," and that a trustee of the estate would be elected; that on December 26, 1910, application was duly made to this court to have S. Fineman Company adjudged a bankrupt; that it was so adjudged on January 20, 1911, and that on March 28, 1911, a trustee was duly elected and qualified; that the defendants on December 26, 1910, and thence continuously on all other days to April 5, 1911, conspired together to commit an offense against the United States, "the said offense being the concealment, knowingly and fraudulently, by S. Fineman Company, while the said S. Fineman Company was a bankrupt,·from the trustee in bankruptcy of the said S. Fineman Company, of property belonging to the estate in bankruptcy of the said corporation"; that in pursuance of the conspiracy the de-

fendants on December 27, 1910, removed from the place of business of S. Fineman Company the entire stock of goods, and thereafter caused the merchandise to be sold, and did willfully and wrongfully conceal the proceeds and the books of account from the receiver and trustee in bankruptcy of the said corporation. The second count charges the same preliminary facts, and, as an overt act, that the defendants conspired to make false oaths in the said bankruptcy proceedings, and to testify falsely concerning the amount, location and disposition of the property of the corporation, and that the defendant Waldman did, on January 12, 1911, pursuant to the conspiracy, testify falsely under oath concerning the acts, conduct, and property of the said S. Fineman Company before a Commissioner duly appointed to take the testimony on oath of the said Philip Waldman and other persons.

. There is no allegation in this indictment that any of the defendants were officers of or connected in any way with the corporation of S. Fineman Company. The allegation is, in substance, that the defendants conspired together to have the bankrupt conceal from its trustee, when he was appointed, its property. By section 29b of the bankruptcy act it is made a criminal offense for a person to have knowingly and fraudulently concealed, while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy. The bankrupt act does not make it a criminal offense for a person who is not a bankrupt to conceal the bankrupt's property from the trustee. The charge, therefore, in this case is that persons who were not the bankrupt, and who are not alleged to have been connected in any way with the bankrupt, or to sustain any such relation to the bankrupt as to confer upon them any authority over the bankrupt, conspired to have the bankrupt conceal its property; but presumably they had no power to carry out the object of the conspiracy. They were not the bankrupt, or officers of the bankrupt. They might conspire as much as they chose, but there is nothing to indicate that they could thereby compel or induce the bankrupt to conceal its property, and there can be no presumption that a bankrupt would commit a crime simply because outside parties conspired to have it done. If the indictment alleged that the defendants conspired with the officers of the bankrupt or with stockholders or any persons able to influence the officers of the bankrupt, a different question would be presented; but, in my opinion, the conspiracy alleged in the first count of the indictment has nothing to feed on, to use the expression of Judge Dillon in the case of United States v. Crafton, 4 Dill. 145, Fed. Cas. No. 14,881.

[2] The overt act in aid of the conspiracy alleged in the first count is that the defendants removed and sold the bankrupt's stock of goods and concealed the proceeds from the receiver and trustee. There is no allegation of the circumstances under which the goods were removed. It may have been under legal process issued in a suit on a just claim, or under legal process in a suit on an unjust claim, or the goods may have been removed by force without authority under circumstances constituting conversion or larceny. Whatever may have

been the circumstances under which the goods were removed, if the trustee is entitled to recover them, there are appropriate legal proceedings for that purpose; but, in my opinion, an indictment of the persons removing them, on the theory that they had conspired to make the bankrupt conceal the goods or their proceeds from the trustee, is not an appropriate proceeding for that purpose. The fact that the bankrupt's goods were removed by persons having no connection with the bankrupt has no tendency to show a conspiracy to induce the bankrupt to conceal the goods from the trustee. The two things inherently have no connection. The circumstances of the transaction, if stated, might show some connection; but, unless stated, no connection is apparent.

[3] The second count charges a conspiracy to give false oaths in the bankruptcy proceeding. This is an offense if committed by persons other than the bankrupt. But the trouble with the second count is that it does not state what false oaths were to be given, or what the subject of the false oaths was, with any such reasonable particularity as would apprise the defendants of the nature of the charge against them. Without requiring extreme detail in the allegations, it is not enough to allege that the defendants conspired to give false oaths, which is, in substance, all that the second count alleges.

In my opinion, both counts of the indictment are bad, and the demurrer to the entire indictment should be sustained.