UNITED STATES v. RHODES et al.

(District Court, S. D. Alabama. December 13, 1913.)

No. 4229.

1. CONSPIRACY (§ 40*)—OFFENSES—CONCEALMENT OF PROPERTY OF BANKRUPT.

Although a bankrupt alone can be indicted for knowingly and fraudulently concealing property from his trustee in violation of Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), persons combining with him to commit such offense may be guilty of conspiracy, and hence an indictment of two members of a bankrupt firm, and a third person who was not a bankrupt, charging conspiracy to conceal property of the bankrupts from the trustee, was not fatally defective because one of defendants was not a bankrupt.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 73, 75–78; Dec. Dig. § 40.*]

2. BANKRUPTCY (§ 485*)—CONSPIRACY (§ 28*)—CONCEALMENT OF ASSETS.

Where a bankrupt conceals his property before the appointment of a trustee and continues to conceal it after such appointment, he violates Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), and a conspiracy that he shall do so violates the conspiracy statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906, 908; Dec. Dig. § 485;* Conspiracy, Cent. Dig. §§ 40, 41; Dec. Dig. § 28.*]

3. CRIMINAL LAW (§ 365*)—EVIDENCE—RES GESTÆ—CONCEALMENT OF PROPERTY.

Where a bankrupt before bankruptcy concealed his property and continued the concealment after the appointment of his trustee, and was indicted for such offense, evidence of the prior concealment was admissible as res gestæ.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 807; Dec. Dig. § 365.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

212 F.—33

**4. BANKRUPTCY** (§ 494*)—OFFENSES—CONCEALMENT OF ASSETS—INDICTMENT—"CONCEAL."

The word "conceal," when coupled in an indictment against a bankrupt for concealing assets from his trustee, with the words "unlawfully, knowingly, and fraudulently" excludes unintentional acts.

· [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*

For other definitions, see Words and Phrases, vol. 2, pp. 1377–1384.]

**5. INDICTMENT AND INFORMATION** (§ 63*)—REQUISITES—CONCEALMENT OF ASSETS—MANNER OF CONCEALMENT.

An indictment against a bankrupt for conspiracy to conceal assets need not set out the manner of the concealment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 185; Dec. Dig. § 63.*]

**6. BANKRUPTCY** (§ 485*)—OFFENSES—CONCEALMENT OF ASSETS.

The essential elements of the offense of concealment of assets by a bankrupt are that the concealment must be by the bankrupt while a bankrupt, or after his discharge; that the concealment must be from his trustee of property belonging to his estate; and must be knowingly and fraudulently done.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906, 908; Dec. Dig. § 485.*]

**7. BANKRUPTCY** (§ 485*)—OFFENSES—CONCEALMENT OF ASSETS—CONTINUING OFFENSE—"CONCEAL."

A criminal concealment of property by a bankrupt is a continuous concealment of the property from the trustee; the term "conceal" meaning the withholding of assets with a fraudulent intent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906, 908; Dec. Dig. § 485.*]

**8. INDICTMENT AND INFORMATION** (§ 69*) — ALLEGATIONS — MATTER UNKNOWN TO GRAND JURY.

An allegation in an indictment that certain necessary facts are to the grand jury unknown is permissible only when the grand jury does not have and cannot obtain a knowledge of the facts.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 191; Dec. Dig. § 69.*]

**9. INDICTMENT AND INFORMATION** (§ 184*)—VARIANCE—MATTERS UNKNOWN TO GRAND JURY.

Where an indictment for conspiracy to conceal assets of a bankrupt charged that the property removed and concealed consisted of certain goods, wares, and merchandise belonging to the alleged bankrupt firm, and added that a further description as to the exact number, kind, and quality, etc., of the goods concealed was to the grand jury unknown, which charge was put in issue by a plea of not guilty, and the evidence showed that the character, kind, and description of the goods removed and concealed were known to the grand jury at least to a large extent, there was a fatal variance.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 574; Dec. Dig. § 184.*]

Prosecution by the United States against Joseph E. Rhodes and others for alleged conspiracy to conceal property of certain bankrupts. On demurrer to indictment. Sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jas. B. Sloan, U. S. Atty., and Alex. T. Howard, Asst. U. S. Atty., of Mobile, Ala.

C. E. Hamilton, of Evergreen, Ala., C. J. Torrey, of Mobile, Ala., and F. W. Hare and Barnett & Bugg, all of Monroeville, Ala., for defendants.

TOULMIN, District Judge. This is an indictment against the three above-named defendants for a conspiracy on their part to commit an offense against the Bankrupt Act, namely, that portion of section 29b, providing punishment upon conviction of the offense of having "knowingly and fraudulently concealed, while a bankrupt, * * * from his trustee any of the property belonging to his estate in bankruptcy." Joseph E. Rhodes and John J. Rhodes were the bankrupts, both individually, and as partners doing business under the name of Rhodes Bros. Calvin J. Rhodes was not a bankrupt; he was an outsider, and had no connection with the business of the bankrupts, so far as appears from the indictment. These three defendants were indicted, under section 37 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [U. S. Comp. St. Supp. 1911, p. 1600] ; section 5440, Rev. St. [U. S. Comp. St. 1901, p. 3676]), for concealing the assets of Rhodes Bros., who conducted a general mercantile business at Excel, Ala., in anticipation of the bankruptcy of said firm, and of the appointment of a trustee; and the indictment alleges, in substance, that said concealment continued after the adjudication in bankruptcy and after the trustee took charge of the estate. One of the grounds of the demurrers is that the indictment does not allege or show that these three defendants conspired to aid the bankrupts to commit this offense, but charges, in effect, that all three were guilty of a conspiracy to commit the offense, and that Calvin J. Rhodes, not being a bankrupt, could not conspire to commit an offense which, under the bankrupt law, only a bankrupt could be guilty of committing.

[1] A person who conspires with another to commit an offense against the Bankruptcy Act is liable to prosecution. Section 29b of the act provides that a person shall be punished upon conviction of the offense of having knowingly and fraudulently concealed, while a bankrupt, from his trustee any of the property belonging to his estate in bankruptcy. If a bankrupt conceals his property before the appointment of a trustee and continues to conceal it after the appointment, he violates the Bankruptcy Act, and a conspiracy that he shall do so violates the conspiracy statute. Although the bankrupt alone can be indicted for violating the act, persons combining with him to violate it may be guilty of conspiracy. This indictment therefore is not insufficient because it appears that one of the defendants was not the bankrupt.

[2] The indictment charges the removal and concealment of certain property before the bankrupt proceedings were instituted, and the trustee was appointed; but it alleges that the trustee was subsequently appointed, and the property was never turned over to him but was concealed from him. The indictment charges that the property was concealed in anticipation of bankruptcy, and that the concealment was a continuing one after the trustee was appointed. If the bankrupt con-

cealed his property before the appointment of a trustee, and continued to conceal it after the appointment, he violates the Bankruptcy Act, and a conspiracy that he shall do so violates the conspiracy statute. Cohen v. U. S., 157 Fed. 651, 85 C. C. A. 113.

[3] The Bankruptcy Act does not make any act of the bankrupt before the bankruptcy criminal. But if the bankrupt, before the bankruptcy, has concealed his property, and, after his trustee is appointed, continues to conceal it from his trustee, he is criminally liable under the statute, and, if indicted for such crime, evidence of his acts of concealment before the bankruptcy, as well as those subsequent thereto, would be admissible as part of the res gestæ.

[4, 5] The word "conceal," when coupled in an indictment with the words "unlawfully, knowingly, and fraudulently," clearly excludes unintentional acts. The manner of concealment need not be set out. United States v. Comstock (C. C.) 161 Fed. 644.

"An indictment under Rev. St. § 5440, for conspiracy to conceal property from the trustee in bankruptcy, in violation of the Bankrupt Act, is insufficient where it does not use the statutory words 'knowingly and fraudulently' in characterizing the offense to which the conspiracy related, or any equivalent words therefor. The words (quoted) are an essential part of the statute and describe an essential ingredient of the offense." U. S. v. Comstock et al. (C. C.) 162 Fed. 415.

The Waldman Case (C. C.) 188 Fed. 524, is not applicable here, because in that case the defendants were not the bankrupt and had no connection with the bankrupt (a corporation). They might conspire as much as they chose, but there was nothing to indicate that the bankrupt would conceal its property, or that the defendants could compel or induce it to do so. They were outside parties who conspired to have it done. One who is not a bankrupt cannot be guilty of the offense of concealing the bankrupt's property.

"The fact that the bankrupt's property was removed by persons having no connection with the bankrupt has no tendency to show a conspiracy to induce or have the bankrupt to conceal this property from the trustee. The circumstances of the transaction, if stated, might show some connection; but, unless stated, no connection is apparent."

The indictment we have before us states the connection, as two of those charged were bankrupts, and one an outsider.

[6, 7] Essential elements of concealment, etc., are that it must be by the bankrupt, while a bankrupt or after his discharge, and from his trustee, of property belonging to the estate in bankruptcy; and such concealment must be "knowingly and fraudulently" done. A criminal concealment of property by a bankrupt is a continuous concealment of the property from the trustee. "Conceal" is the withholding of assets, with fraudulent intent. Jacobs v. United States, 161 Fed. 694, 88 C. C. A. 554; Johnson v. United States, 163 Fed. 30, 89 C. C. A. 508, 18 L. R. A. (N. S.) 1194; Johnson v. United States, 170 Fed. 581, 95 C. C. A. 661.

In my opinion the indictment is sufficient, and the demurrers thereto are overruled.

(Orally, to the jury:) Each and all of the defendants plead not guilty to the indictment in this case. On the issue thus made the government

introduced evidence to sustain the allegations of the indictment. After the government has announced that it has closed its case on its direct evidence, and before any evidence is offered on the part of the defendants, their counsel moves the court to exclude the evidence of the government on the ground that there is a variance between the allegations in the indictment and the evidence submitted to prove them, in that the indictment charges that the property alleged to have been removed and concealed by the defendants consisted of goods, wares, and merchandise belonging to the bankrupt estate of Rhodes Bros., alleging that the exact quantity and the character, kind, and quality thereof were to the grand jury unknown, whereas the evidence of the government shows that the grand jury that found the indictment was informed by the witnesses who testified before it, and who have testified on this trial, of at least a large amount of the goods, their character and kind, setting out in detail what said goods consisted of, which facts the evidence, without contradiction, shows were made known to the grand jury.

The court overrules the motion to exclude the evidence in the case, whereupon the defendants' counsel moves the court, for each defendant separately and severally, to instruct the jury to render a verdict for the defendants. The court grants that motion.

[8] The law is well settled that a criminal charge must be made so certain that a defendant may be reasonably informed of just what he is charged with, that he may plead a conviction or acquittal of such charge to any subsequent indictment thereon. The indictment in this case, in reference to the property alleged to have been concealed by the defendants, contains the general allegation that it consisted of goods, wares, and merchandise, the character, kind, and particular description of which is to the grand jury unknown. These matters are important and are allegations put in issue by the plea of not guilty. They are allegations that must be sustained by evidence on the part of the government. Such allegations are permissible from necessity only, when the grand jury does not have and cannot obtain a knowledge of the facts.

[9] The evidence shows that the character, kind, and description of the goods removed and concealed were known to the grand jury—at least, a large part of such goods. As it appears from the proof that the character, kind, and description of the goods were actually known to the grand jury, there is a fatal variance between the allegations and proof. When this is the case, it is the duty of the trial court to direct a verdict for the defendant when so requested. Duff v. United States, 185 Fed. 101, 107 C. C. A. 319; Hedderly v. United States, 193 Fed. 571, 114 C. C. A. 227; Wiborg v. United States, 163 U. S. 632, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Crumpton v. United States, 138 U. S. 361, 11 Sup. Ct. 355, 34 L. Ed. 958.

On the evidence submitted, I am free to say that I am not satisfied that the defendants are guilty of knowingly and *fraudulently* concealing the goods in question from the trustee. On the facts proven, I certainly have a reasonable doubt of their guilt. Hence I do not feel at all constrained to charge the jury, as requested by defendants' coun-

sel, on the question of variance between the allegations and the proof in the case.

Gentlemen of the jury: The court therefore charges you to find a verdict of not guilty. The form of your verdict should be, "We, the jury, find the defendants not guilty." The verdict should be signed by one of your members as foreman, to be selected by you.