## DROSSOS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.. November 7, 1924.)

No. 6687.

1. Criminal law ⬤⟳823(9)—Erroneous instruction placing burden of proof on accused held not cured by instruction as to presumption of innocence.

Instruction that, if jury convinced by accused's evidence that his relationship with woman was innocent and that he had no intention of having immoral relations with her, he should be acquitted of violating White Slave Traffic Act (Comp. St. §§ 8812–8819), which instruction was erroneous and prejudicial in shifting burden of proof on accused, was not cured by instruction that accused was presumed innocent until proved guilty beyond reasonable doubt.

2. Criminal law ⬤⟳328—Burden of proving crime on prosecution.

Burden of proving commission of crime and every essential element thereof rests on prosecution.

3. Criminal law ⬤⟳822(1)—Effect of conflicting instructions, stated.

Rule that charge is to be considered as whole, and that, if instructions as series correctly state law, then, though one paragraph or phrase standing alone may be defective, it will not constitute reversible error, does not apply where two instructions are directly conflicting and one is clearly erroneous and prejudicial.

Munger, District Judge, dissenting.

In Error to the District Court of the United States for the District of Utah.

Harry Drossos was convicted of violating the White Slave Traffic Act, and he brings error. Reversed and remanded, with directions.

F. W. James, of Salt Lake City, Utah, for plaintiff in error.

Charles M. Morris, U. S. Atty., of Salt Lake City, Utah (Edward M. Morrissey, Asst. U. S. Atty., of Salt Lake City, Utah, on the brief), for the United States.

Before LEWIS, Circuit Judge, and MUNGER and MILLER, District Judges.

MILLER, District Judge. The plaintiff in error was indicted on three counts in the United States District Court for the District of Utah for violation of the White Slave Traffic Act (Comp. St. §§ 8812–8819).

The first count charged the defendant with having transported one Panagoula Georgopoulos, a female not the wife of plaintiff in error, in interstate commerce over the Bamberger Electric and Oregon Short Line Railroad from Salt Lake City, Utah, to Anaconda, Mont., for the purposes of prostitution, concubinage, debauchery, and other immoral purposes.

The second count charged plaintiff in error on the same day with inducing, enticing, and persuading the said female to leave Salt Lake City, in the state of Utah, and to go and be carried in interstate commerce over the lines of the said railroads, common carriers engaged in interstate commerce, to the city of Anaconda, in the state of Montana, for the unlawful purposes of prostitution, debauchery, and other immoral purposes.

The third count charged the plaintiff in error on the same date with procuring, obtaining, and assisting and aiding in procuring and obtaining a certain railroad ticket over the lines of the Bamberger Electric from Salt Lake City, Utah, to Ogden City, Utah, and thence from Ogden City, Utah, to the city of Anaconda, Mont., which tickets were then and there to be and were then and there used by the said female in going in interstate commerce from Salt Lake City, Utah, to Anaconda, Mont., for the purposes of prostitution, debauchery, and other immoral purposes.

The case was tried to a jury and a verdict of guilty on each count was returned by them, upon which a sentence was imposed under each count of two years in the federal penitentiary at Leavenworth, to run concurrently.

[1] With reference to certain testimony introduced by the government relative to the relations of the plaintiff in error and the female, Panagoula Georgopoulos, in Salt Lake City prior to their journey to Anaconda, and relative to their relations while at Anaconda, the court instructed the jury as follows:

"If you are convinced that this relation— that the relationship of these parties in Anaconda was innocent, that the defendant had no intention of engaging in immoral relations with this woman when he left here after her arrival in Montana, and if you are convinced by the evidence introduced in behalf of the defendant, then you should acquit him upon all the counts of the indictment. But if you are convinced that this man joined in this trip with this woman for the purpose of cohabiting with her unlawfully and illegally, and that he transported her, purchased the ticket, or assisted in purchasing the ticket, and that he persuaded or induced her to go, then he would be guilty under the indictment."

To this instruction plaintiff in error timely excepted, and the giving of such instruction is now assigned as error. Standing alone, it must be conceded that this instruction is palpably erroneous and prejudicial, in that it shifts the burden of proof and in effect tells the jury: (1) That to acquit they must be convinced that the relationship of the parties in Anaconda was innocent; (2) they must be convinced that the defendant had no intention of engaging in immoral relations with this woman when he left Salt Lake City after her arrival in Montana; and (3) that they must be so convinced by the evidence introduced in behalf of the defendant.

The only question is whether it was cured in subsequent instructions.

Subsequently, and bearing on the question presented, the court charged the jury as follows:

"All presumptions of law independent of evidence are in favor of innocence, and a man is presumed to be innocent until he is proved guilty beyond a reasonable doubt, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown he is entitled to an acquittal," and then followed a not unusual definition of "reasonable doubt."

The government contends that the charge as a whole correctly states the law but fails to cite authorities in support of such contention.

[2] That the burden of proof to establish the commission of a crime and every essential element thereof rests upon the prosecution is elementary and needs no citation of authorities.

[3] It is, of course, also true, and well settled by the authorities, that a charge to a jury is to be considered as a whole, and that if the instructions as a series correctly state the law, then though one paragraph or one phrase standing alone may be defective, it will not constitute reversible error. But that is not the rule where two instructions are directly in conflict and one of them clearly erroneous and prejudicial, such as is presented here, for the jury will assume that the instructions are all correct and will as likely follow the incorrect as the correct instruction. See Branson's Instructions to Juries, § 93; 16 Corpus Juris, pp. 1054 and 1055, and cases therein cited; 14 R. C. L. 777, § 45.

Other specifications of error are assigned but may not arise again and, therefore, need not be noticed.

Because of the errors in the instructions pointed out and affecting the substantial right of plaintiff in error, the case is reversed and remanded, with instructions to grant a new trial.

Reversed.

MUNGER, District Judge (dissenting). I am unable to concur in the view that the giving of the portion of the instructions quoted in the foregoing opinion was reversible error. The instructions must be considered in their entirety. In another portion of the instructions the court told the jury, after defining what acts which they must find to show a transportation of the woman in interstate commerce, that under the first count, "to convict the defendant upon this count it will be necessary for you to further find, in addition to that fact, that he did it, at the time, here in Salt Lake City or Ogden, while he was still in this state, for the purpose and with the intent that she should submit to and be used by him for immoral purposes, that he intended to cohabit with her when he left here." Similar instructions were given as to the necessary intent which the jury must find to exist under each of the other counts, before they could convict the defendant. The court also told the jury that a man is presumed innocent until he is proved guilty beyond a reasonable doubt, and several times and emphatically told them that if they had any reasonable doubt of the defendant's guilt they should acquit him.

By the portion of the instructions complained of by the plaintiff in error, the jury were told to acquit the defendant if they were convinced of the innocence of the defendant's relations with the woman after arriving in Montana, or if convinced that the defendant had no intention to engage in immoral relations with the woman when he left Utah. This instruction told the jury to acquit, if they were convinced that either of these facts was proved. This portion of the instructions would have been more comprehensive if it had said that there should be an acquittal if the jury were either convinced of either of these facts, or if they had a reasonable doubt that the relationship in Anaconda was immoral or that the defendant intended at the time of the alleged transportation of the woman to sustain immoral relations with her after her arrival in Montana; but while it was not in itself complete, it was not incorrect, from the defendant's standpoint. Where an instruction on a particular issue is correct as far as it goes, it is not erroneous, although it omits reference to another phase of the subject, if other portions of the instructions supply the

omitted elements, and as a whole they give the jury the proper directions. Johnson v. United States, 170 F. 581, 583, 95 C. C. A. 661. The jury were told the elements of the offenses charged against the defendant, and the degree of proof necessary by the instructions as to reasonable doubt as applied to the whole case, and it was not necessary to repeat the caution as to a reasonable doubt in this portion of the instructions referring to a particular theory of the defense. 16 Corp. Jur. 989; 1 Blashfield on Instructions, § 287. The jury could not have been misled from the general instructions that a reasonable doubt required an acquittal, by the statement that a conviction of the truth of either of the two specific facts stated also required an acquittal. The case falls within the rule announced in Evanston v. Gunn, 99 U. S. 660, 667, 25 L. Ed. 306; Magniac v. Thompson, 7 Pet. 348, 389, 8 L. Ed. 709, that when the charge to the jury, taken as a whole, fully and fairly submits the law of the case, the judgment will not be reversed because passages extracted therefrom and read apart from their connection need qualification.