## ARINE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1926.)

No. 4669.

**1. Bankruptcy ⊕485—Criminal concealment of assets from trustee committed by continuing, after his appointment, concealment commenced before bankruptcy.**

Bankrupt is guilty of concealing property from his trustee, in violation of Bankruptcy Act, § 29 (Comp. St. § 9613b), where concealment of his property, commenced by him before his bankruptcy, is continued by him after trustee's appointment.

**2. Bankruptcy ⊕495—Prior concealment admissible on prosecution for concealment of property from trustee.**

Evidence of bankrupt's concealment of his property prior to bankruptcy, continued after appointment of trustee, is admissible on prosecution of trustee from his trustee.

**3. Bankruptcy ⊕496—Evidence of concealment of property from trustee held sufficient to go to jury.**

Evidence of inventory value of bankrupt's merchandise when receiver took possession and ten months before, and of the purchases made by bankrupt in the meantime, and of the amount of his sales in such time, as listed in his books, showing a shortage of $26,000, and of the fact that towards the last of such period he received the proceeds of sales in cash and did not deposit it in bank, *held* sufficient to

go to jury on prosecution for concealment of assets from trustee.

**4. Bankruptcy ⊕495—Memorandum book kept by bankrupt held admissible on prosecution for concealing assets from trustee.**

A memorandum book kept · by bankrupt, containing memoranda with reference to his business and assets, and to which records trustee is, by provision of Bankruptcy Act, § 70 (Comp. St. § 9654), entitled, is admissible on prosecution of bankrupt for concealing assets from trustee.

**5. Criminal law ⊕400(8)—Expert accountant may, as witness, summarize contents of books.**

Witness, who has qualified as expert accountant, may summarize contents of books of account.

**6. Witnesses ⊕380(5)—When testimony is hostile to party calling witness, he may be asked as to having made contrary statement.**

Witness, giving affirmative testimony hostile to party calling him, may be asked if he did not, at certain time and place, make contrary statement.

**7. Witnesses ⊕321—Government may not impeach its witness, whose testimony was not harmful.**

When testimony of government witness was not hurtful to it, but irrelevant to the issues, impeaching question is improper, and response thereto is hearsay.

**8. Witnesses ⊕337(4)—Response to impeaching question held objectionable, as involving collateral matter.**

Testimony, given in response to impeaching question, that defendant, prosecuted for concealing assets from his trustee in bankruptcy, had overreached witness in an automobile deal, involved a collateral matter, having no tendency to prove him guilty of the charge.

**9. Bankruptcy ⊕495—Invoices found on bankrupt's premises held admissible on prosecution for concealing assets from trustee.**

Invoices for purchases found on bankrupt's premises, and which presumably listed· purchases made by him during the year of his failure, *held* admissible against him on prosecution for concealing assets from his receiver.

**10. Witnesses ⊕268(3)—Limitation of cross-examination held error.**

Character of testimony of witness, tending to show that defendant and his counsel had suggested to her what her testimony should be, inferably at a meeting testified to by her, at which the three were present, called for a searching cross-examination, and she should have been required to answer question of defendant's counsel: "In my presence, what did he [defendant] tell you he wanted you to say that was not true?"

**11. Bankruptcy ⊕495—Evidence of defendant's refusal to give financial statement held admissible on prosecution for concealing assets.**

Evidence, on prosecution for concealing assets from defendant's trustee in bankruptcy, that

defendant had refused to give a financial statement, being explanatory of the fact that government started with defendant's inventory, made nine months before his failure, was admissible.

12. **Criminal law** �köⁿ759(1)—Suggestions and statements, in charge on prosecution for concealing assets from trustee in bankruptcy, held not error.

It was not error, on prosecution for concealing assets from trustee in bankruptcy, to suggest in charge that defendant probably sold his goods at a profit, or to charge that, if one has a large amount of property to-day and claims to-morrow that he does not have it, jury may infer he has hid it.

13. **Criminal law** ⊦789(15)—Charge erroneous in definition of reasonable doubt.

Charge, "If you have a persistent judgment to a very high degree of probability that defendant is guilty, * * * you have no reasonable doubt," held erroneous definition of reasonable doubt.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Jacob Arine, hereinafter called the defendant, was convicted of concealing money and personal property from his trustee in bankruptcy, in violation of Comp. St. § 9613b, and he brings error. Reversed and remanded for new trial.

Jay C. Allen and Frank S. Griffith, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Defendant reserved an exception to the denial of his motion for a directed verdict, interposed at the close of the government's case. The government offered proof of the inventory value of defendant's merchandise on January 2, 1924, and of the purchases made by him during the year. From this total there was deducted the amount of his sales during the year, as listed in his books, and the inventory value of his stock when a receiver took possession, October 27, 1924. These figures showed a shortage of $26,184.41. There was further evidence that towards the end of the time when he was in business he received the proceeds of sales in cash and did not deposit this money in any bank.

Proceedings in involuntary bankruptcy were begun November 20. With the consent of defendant there was an adjudication of bankruptcy on the 8th of December, and H. E. Warner was elected trustee January 2, 1925. Defendant's contention is that the evidence as to the condition of his stock and the amount of his sales prior to October 27, 1924, is insufficient to charge him with concealment of assets subsequent to January 2, 1925.

[1, 2] If a bankrupt conceals his property prior to his bankruptcy, and continues to conceal it after the trustee is appointed, he is guilty of a violation of the statute. Cohen v. U. S., 157 F. 651, 654, 85 C. C. A. 113; U. S. v. Rhodes (D. C.) 212 F. 513, 515, 516. Evidence of concealment prior to bankruptcy is admissible. U. S. v. Cohn (C. C.) 142 F. 983.

[3] On an application to discharge the bankrupt, such a showing as is made in this case has been held insufficient to prove fraud. In re Idzall (D. C.) 96 F. 314; In re Leslie (D. C.) 119 F. 406. The same character of proof is held insufficient as a basis for punishment for contempt. In re Haring (D. C.) 193 F. 169, 173. In these cases the court was a trier of the facts. The question presented on this record is whether there was sufficient evidence to be submitted to the jury. We think that there was, and that the District Court did not err in refusing a directed verdict.

[4] Error is assigned on the admission in evidence of Exhibit 10, which is a memorandum book kept by the defendant. At the bankruptcy examination the defendant produced it, and it was handed to the trustee over the protest of the defendant. The book contains memoranda with reference to the business and assets of the defendant, and by the express provisions of section 70 of the Bankruptcy Act (Comp. St. § 9654) the trustee is entitled to all such records. In re Paleais (C. C. A.) 296 F. 403, 407.

[5] It is also contended that there was error in permitting R. P. Fraser, a witness for the government, to summarize the contents of the books. He qualified as an expert accountant, and it is well settled that his compilation of the receipts and sales of goods was admissible. Burton v. Driggs, 20 Wall. 125, 136, 22 L. Ed. 299; Lemon v. U. S., 164 F. 953, 960, 961, 90 C. C. A. 617; San Pedro Lumber Co. v. Reynolds, 121 Cal. 74, 53 P. 410, 413.

[6, 7] Jacob Pearl was called as a witness for the government. He testified on direct examination that he had loaned the defendant money and taken his car, apparently as security; that subsequently the defendant's wife, who was Pearl's sister, "started to cry for the car," and Pearl told the defendant Pearl did not want the car. On redirect examination,

counsel for the government said: "You told me in my office that you bought a car from Mr. Arine, and you figured Mr. Arine had skinned you, and would not take it back, or give you the money, either." This statement was objected to, and over the objection and exception of defendant the witness said: "Yes, sir; but I did not explain myself right. But I told him in the office that way. I did not want the car, but my sister wanted the car, and we settled that way."

When a witness gives affirmative testimony hostile to the party calling him, he may be asked if he did not, at a specified time and place, make a contrary statement. The general rule is that a party will not be permitted to impeach his own witness. Pearl's testimony as to the car on his direct examination was not hurtful to the government, but was irrelevant to the issues. It is held that in such case an impeaching question is improper, and that any statement evoked in response thereto is hearsay. State v. Catsampas, 62 Wash. 70, 72, 112 P. 1116; Ferris v. Todd, 124 Wash. 643, 645, 215 P. 54; Loving v. Commonwealth, 80 Ky. 507, 511; Sturgis v. State, 2 Okl. Cr. 362, 390, 102 P. 57, 68.

[8] The testimony is also objectionable as involving a collateral matter. The fact that the defendant had overreached his brother-in-law in an automobile deal has no tendency to prove him guilty of concealing money and assets from his trustee in bankruptcy. This assignment of error is well taken.

[9] There was no error in admitting Exhibit 11, which consisted of invoices for purchases found on the defendant's premises, and which presumably listed purchases of merchandise he had made during 1924.

[10] The testimony of Pauline Matsken tended to show that the defendant and his counsel had suggested to her what her testimony should be. On cross-examination she was asked by defendant's counsel: "In my presence, what did he [defendant] tell you he wanted you to say that was not true?" The court of his own motion then said: "The witness has not testified he told her anything in your presence. Do not be too aggressive with the witness. She is not to be intimidated or menaced." Defendant reserved an exception, both to the ruling and to the remarks of the court. There may have been something in the demeanor of counsel which justified the court's admonition; but we think the question asked a proper one, and the witness should have been required to answer. The witness had testified to a conversation with the defendant and his counsel, at which

Ruth Steele was also present. It was inferable that the alleged effort to control her testimony was made at this interview. The character of the testimony given by the witness was such as to call for a searching cross-examination, and the limitation imposed was error.

[11] It was not error for the court to admit evidence that the defendant had refused to give a financial statement. This evidence was explanatory of the fact that the government started with defendant's inventory of January 2 in determining the goods and money with which defendant was accountable.

[12] By way of explaining the issues, the court commented on the government's testimony, and explained the government's theory of the case. He did not err in suggesting to the jury that the defendant presumably sold his goods at a profit. Nor did he err in charging that, if a man has a large amount of property to-day and claims to-morrow that he does not have it, the jury may infer that he has disposed of it or hid it away. A number of other exceptions are reserved to the charge, but with a single exception they are without merit.

[13] In defining reasonable doubt the court said: "If you have a persistent judgment to a very high degree of probability that the defendant is guilty as charged, you have no reasonable doubt, and you are bound to convict him." A number of courts have held that conviction beyond a reasonable doubt means more than a conclusion that there is a very high probability of guilt. In his classic discussion of the subject in Commonwealth v. Webster, 5 Cush. 295, 320 (52 Am. Dec. 711), Mr. Justice Lemuel Shaw says: "It is not sufficient to establish a probability, though a strong one arising from the doctrine of chances, that the fact charged is more likely to be true than the contrary; but the evidence must establish the truth of the fact to a reasonable and moral certainty." The same rule is declared in Gilmore v. State, 99 Ala. 154, 160, 13 So. 536, and Lovett v. State, 30 Fla. 142, 11 So. 550, 17 L. R. A. 705, 712.

The government cites Dunbar v. U. S., 156 U. S. 185, 199, 15 S. Ct. 325, 330 (39 L. Ed. 390). The charge which was approved in this case was as follows: "You are required to decide the question submitted to you upon the strong probabilities of the case, and the probabilities must be so strong as not to exclude all doubt or possibility of error, but as to exclude reasonable doubt." The opinion indicated that the Supreme Court was convinced that the rule requires more

than a high probability of guilt. Mr. Justice Brewer said: "While it is true that it used the words 'probabilities' and 'strong probabilities,' yet it emphasized the fact that those probabilities must be so strong as to exclude any reasonable doubt, and that is unquestionably the law."

We think the court erred in his definition of reasonable doubt. For this and the other errors pointed out, the judgment is reversed, and the cause remanded for a new trial.