KELLOGG v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 13, 1900.)

No. 822.

1. CRIMINAL LAW—VERDICT—CONFLICTING EVIDENCE—APPEAL.
    Where the evidence in a criminal cause is conflicting, and there is some testimony tending to support the verdict, it will not be reversed on appeal; it not being the province of the appellate court to weigh evidence.

2. SAME—INSANITY—PRESUMPTION AS TO CONTINUANCE.
    Where the defense of insanity is interposed to a criminal prosecution, it is proper to instruct that, if the defendant is shown to have been permanently insane before the crime, the presumption would be that it continued and existed at the time of the offense, but that by "permanently insane" is meant insanity not due to a temporary cause, such as delirium tremens, fever, or the like.

3. SAME—ARGUMENT OF COUNSEL—WITHDRAWAL OF REMARK.
    Where the prosecuting attorney, in refuting the assertion that he was trying to convict an innocent man, refers to his success in other causes

tried at the term as vindicating his purposes, and the court sustains an objection to such reference, whereupon the prosecutor concedes that he should not have made it, the error is sufficiently corrected, not being so prejudicial in itself as to necessitate a reversal.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

Ellis Cocke and W. H. Washington, for plaintiff.
A. M. Tillman, for defendant.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge. Plaintiff in error was indicted and convicted in the circuit court for violation of section 5421, Rev. St. U. S., in forging the affidavit of Carroll Simpson in the matter of the claim for pension of one Melvina Patton, widow. The assignment of error principally argued in the briefs and the oral presentation of the case concerns the defense made in the trial court that the plaintiff in error was insane at the time of the commission of the offense. This was purely a question of fact, and this court cannot determine a mere question of the weight of evidence. It is a well-settled rule that, if the verdict of the jury is supported by any competent evidence, the appellate court will not reverse the case because the verdict may be against the weight of the testimony. Humes v. U. S., 170 U. S. 210, 18 Sup. Ct. 602, 42 L. Ed. 1011; Crumpton v. U. S., 138 U. S. 361, 11 Sup. Ct. 355, 34 L. Ed. 958; Moore v. U. S., 150 U. S. 57, 14 Sup. Ct. 26, 40 L. Ed. 422. It is claimed by counsel for plaintiff in error that there is no testimony in the record contradicting that which showed that the accused was at the time of the commission of the offense of unsound mind, and therefore not responsible for his acts. We have carefully read all the testimony submitted, and are of opinion that there was testimony, competent to go to the jury, tending to show that the accused was of sound mind at the time of the commission of the offense. It is not within our province to review this testimony. It is sufficient to say that there was a conflict in the evidence, which, having been decided in the court below, cannot be brought into review here.

2. At the conclusion of the charge of the court below, which we have also carefully examined, in view of the importance of this case to the accused, counsel for plaintiff in error expressed entire satisfaction with the charge except that he asked an additional one, to wit:

"If insanity is shown to exist at any time, it is presumed to continue."

To this the court responded:

"I will say that, if general insanity is shown at any time, it would be presumed to continue until the contrary is shown. That would be general insanity as distinguished from mere delusion."

This modification seems to have been satisfactory to counsel,— at least, no exception was taken; and the next day, at the request of defendant's counsel, the jury was recalled, and this additional charge was given:

."If the defendant is shown in the proof to have been permanently insane before the commission of the offense, the presumption would be that it continued and existed at the time of its .commission. By 'permanently insane' is meant insanity not due to a temporary cause, such as delirium tremens or temporary disease or fever, or other temporary cause which passes away."

In view of this state of the record, treating the case as if an exception had been taken to the modification of the request of counsel for plaintiff in error, we are of opinion that the court did not err in the charge given to the jury. In what was said in response to the request, and the charge given the next day at the request of counsel for plaintiff in error, the jury was given to understand that permanent insanity, once established, might be presumed to continue and sti'l exist at the time of the alleged offense. The difference between such insanity and the temporary want of responsibility, such as one might have when suffering from delirium tremens or temporary delusion, and the like, was properly called to the attention of the jury. The entire charge was fair, and carefully conserved all the rights of the accused.

3. The only other assignment of error relates to the alleged misconduct of the district attorney in the argument. Upon this subject the court found the following facts:

"In the argument of the case, one of the defendant's attorneys said before the jury, in effect, that the prosecution was undertaking to go too far in the case, and was undertaking to convict and punish a man who was in fact insane, and, in effect, that this was carrying zeal in the prosecution too far. In reference to this part of the argument for defendant, the district attorney, in effect, denied that the prosecution had any desire or purpose to convict a man who was not guilty, or to punish a man who was not sane, and that in saying so he spoke, not only for himself, but for the other officers connected with the prosecution, and that the verdicts of the juries in the cases so far tried at this term vindicated them in this respect, and showed that the prosecutions were well founded. Thereupon one of the counsel for defendant objected to this statement in the district attorney's argument, and the court sustained the objection, ruling that such a statement was improper to be made before the jury, whereupon the district attorney, in effect, conceded that the statement should not have been made."

The reference to the trial of other cases and the success of other prosecutions was improper and unnecessary to the proper presentation of the case on trial to the jury. When the remark was made it was objected to by counsel for the prisoner. The court promptly sustained the objection, ruling that such a statement was improper to be made to the jury. The district attorney did not insist upon the argument, but admitted that it should not have been made. No exception was taken to the action of the court. Indeed, none could have been. Had a further instruction been desired upon the subject, the attention of the court should have been called thereto, and doubtless an instruction would have been given in line with the ruling made by the judge when the matter was called to his attention. We perceive no error in the action of the court, or such misconduct in the making of the argument as will permit us to disturb the verdict and judgment of the court below. We think the language of the supreme court in the case of Dunlop v. U. S., 165 U. S. 498, 17 Sup. Ct. 379, 41 L. Ed. 803, applicable to this cause:

"To this language counsel for defendant excepted. The court held that it was improper, and the district attorney immediately withdrew it. The action of the court was commendable in this particular, and we think this ruling, and the immediate withdrawal of the remark by the district attorney, condoned his error in making it. * * * There is no doubt that, in the heat of the argument, counsel do occasionally make remarks that are not justified by the testimony, and which are or may be prejudicial to the accused. In such cases, however, if the court interfere, and counsel promptly withdraw the remark, the error will generally be deemed to be cured. If every remark made by counsel outside of the testimony were ground for a reversal, comparatively few verdicts would stand, since, in the ardor of advocacy and the excitement of trial, even the most experienced counsel are occasionally carried away by this temptation."

See, also, Crumpton v. U. S., 138 U. S. 361, 11 Sup. Ct. 355, 34 L. Ed. 958.

A careful examination of the record discloses no error prejudicial to the plaintiff in error, and the judgment of the court below will be affirmed.