6734

## STATE v. BOYLES.

1. ATTORNEYS—NEW TRIAL.—Where a defendant makes no request of trial Judge to admonish the solicitor, during trial of a case in which defendant is charged with larceny, not to refer in argument to another charge against him, or for the protection of the Court, he can not obtain new trial therefor in this Court.

2. CONTRADICTION—WITNESS.—Where one defendant pleads guilty and is used by State as a witness against his co-defendant, he is in same position as any other witness and can not be contradicted unless the proper foundation has been laid.

3. EVIDENCE—OPINION.—Whether a witness has found anything which connects defendant with the crime is merely an opinion.

4. ATTORNEY—SHERIFF.—Section 829, Code 1902, contemplates an attorney shall not be a sheriff or deputy sheriff.

Before HYDRICK, J., Bamberg, Winter Term, 1907. Affirmed.

Indictment against Herbert Boyles for larceny. From sentence on verdict of guilty, defendant appeals.

*Messrs. John R. Bellinger* and *S. G. Mayfield,* for appellant. *Mr. Mayfield* cites: *Attorney should confine himself in argument to issues in case:* 77 S. C., 409; 26 S. C., 118.

*Solicitor Jas. E. Davis,* contra.

The opinion herein was filed February 10, 1908. Petition for rehearing was filed and remittitur held up. It was soon thereafter abandoned, but no order to that effect was filed

and the Reporter was misled and retained the case until he casually ascertained these facts on

May 29, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The indictment charged Allen W. Nelson and Herbert Boyles with breaking into the drug store of J. S. Matthews in the night time and stealing therefrom goods over the value of twenty dollars. Nelson entered a plea of guilty. The trial of Boyles resulted in his conviction and sentence. He rests his appeal mainly on the ground that he did not have a fair trial, because the Circuit Judge did not rebuke the solicitor for his repeated efforts to bring out testimony to the effect that a charge had been made against the defendant for stealing a horse and buggy.

On every attempt to adduce this testimony, the Circuit Judge promptly excluded it; and, in his charge, explicitly cautioned the jury against giving any consideration to allusions made to any charge against the defendant other than that laid in the indictment. It is fatal to the appeal, that objection was not made to the conduct of the solicitor at the time and the protection of the Court asked. The fairest and most honorable counsel are sometimes betrayed by the heat of contest into unfair and improper action or speech. We think the record shows the solicitor was so led away in this case. But clearly, it would be unreasonable for an appellate court to order a new trial on this ground, when no complaint was made to the Circuit Judge, and no request was made that he admonish the solicitor not to allude to any other charge against the defendant. No doubt it is within the power and duty of the Circuit Judge, of his own motion, to require that all evidence and argument should be confined to the real issue of the trial, but it is also the duty of the party who thinks himself prejudiced by the effort to inject extraneous issues, to ask the Court to forbid allusion to them. *Crumpton* v. *U. S.,*

138 U. S., 361, 34 L. Ed., 958. The authorities to the same effect are too numerous for citation.

Nelson, after pleading guilty, was used as a witness against appellant, Boyles. The Circuit Judge refused to allow counsel for appellant to ask Koopman, a policeman, whether Nelson, after his arrest, accused anybody of being implicated with him. Nelson was in the same attitude as any other witness and the question was inadmissible, because no foundation to contradict him had been laid.

It is next insisted that there was error in excluding the witness Hardwick's negative answer to the question: "Find anywhere, where he (Boyles) had any connection with it?" This answer could not have been anything more than an opinion as to the issue before the jury, and was properly excluded.

The solicitor objected to this witness testifying, thus stating his objection: "I can show your Honor where he was deputized, and he will admit it, as constable to go over there and arrest these parties, and I object to his getting on the stand and swearing away the secrets of the State." The defendant alleges the jury were influenced against giving due weight to the evidence of this witness, who was an attorney, because the Circuit Judge, in overruling the objection of the solicitor, expressed the erroneous opinion that it was a violation of law for an attorney to act as a sheriff or deputy sheriff. If we assume the opinion was erroneous, it would have been an error in a matter entirely collateral and it could not have influenced the jury against the witness, as there was no intimation that he was guilty of an intentional violation of law. But the opinion was not erroneous, for Section 829, Civil Code, certainly contemplates that a practicing attorney shall not be a sheriff or deputy sheriff.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.