## KNABLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 5, 1925.)

Nos. 4387–4389, 4472.

1. **Criminal law ⬅⮕753(2)—Testimony considered most favorable to government on motion to direct verdict.**

On motion to direct verdict, testimony must be considered in its aspect most favorable to government.

2. **Criminal law ⬅⮕1159(2, 4)—Circuit Court of Appeals cannot weigh testimony or pass on credibility of witnesses.**

Circuit Court of Appeals cannot weigh testimony or pass on credibility of witnesses.

3. **Criminal law ⬅⮕511(1)—Convictions on testimony of accomplice not invalidated, where jury properly instructed.**

Where jury were properly instructed as to weight to be given evidence of accomplice, fact that convictions rested largely on testimony of accomplice is not enough to invalidate verdict.

4. **Criminal law ⬅⮕1134(2)—Circuit Court of Appeals will not consider arguments that others who were also guilty were not arrested.**

Circuit Court of Appeals cannot consider arguments that others no less culpable than accused were not arrested, that testimony was improbable and witnesses actuated by motives of revenge, or that case was result of practice of believing violators of law endeavoring to exculpate themselves.

5. **Criminal law ⬅⮕1134(2)—Advice of Judicial Council to use caution in using conspiracy statute has no relation as to duty of reviewing court.**

Action of Judicial Council in advising caution in use of conspiracy statute has no relation to duty of reviewing court on appeal from conviction thereunder.

6. **Intoxicating liquors ⬅⮕143—Common nuisance exists, where whisky sold only one day.**

Common nuisance can be found to exist, where whisky was sold in place in question for a period of only one day.

7. **Criminal law ⬅⮕826—Refusal of instruction after charge was concluded, declaring witnesses accomplices as matter of law, held not error.**

Refusal to instruct jury, as matter of law, that certain employés of defendants were ac-

complices *held* not reversible error, where request was made after court had concluded its charge, and there was nothing in court's action inconsistent with right of jury to treat witnesses as accomplices, particularly in view of Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

**8. Criminal law ⬅️1037(2)—Remarks of district attorney not reviewable, where no objection or request is made.**

Where no objection was made to remarks of district attorney, and no request made for an instruction to disregard them, defendants are not entitled, as a matter of law, to have them reviewed.

**9. Criminal law ⬅️1144(10)—Presumed that proper ruling would have been made as to propriety of remarks, if attention of trial court had been challenged.**

It is to be presumed that, if attention of trial court had been challenged to propriety of remarks of district attorney, proper ruling would have been made, or remark withdrawn.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Walter Knable and others were convicted of violating the National Prohibition Act and of maintaining a common nuisance, and they bring four writs of error. Affirmed.

In Nos. 4387 and 4472:

George A. Hurley, of Cleveland, Ohio, for plaintiffs in error.

M. E. Evans, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., and D. C. Van Buren, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

In Nos. 4388 and 4389:

Jos. C. Breitenstein, of Cleveland, Ohio (Wertz & Breitenstein, of Cleveland, Ohio, on the brief), for plaintiffs in error.

M. E. Evans, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., and D. C. Van Buren, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. The four plaintiffs in error, together with one Fleck and one Berner, were jointly indicted upon a charge of conspiracy, under section 37 of the Penal Code (Comp. St. § 10201), to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼) by transporting to the premises known as the Green Valley Inn (located a few miles beyond the city limits of Cleveland) intoxicating liquors and distilled spirits of forbidden alcoholic content, and fit for beverage purposes, and then and there to maintain a common nuisance as defined by section 21 of title 2 of the National Prohibition Act, by possessing and selling such liquors and spirits. By a second indictment the four plaintiffs in error, together with Berner, were charged under two counts—the first for maintaining a common nuisance at the Green Valley Inn in the manner charged in the conspiracy indictment, and at the time referred to in several of the overt acts charged thereunder; the second count, for having in their custody and control whisky otherwise than as allowed by title 2 of the act. Berner was separately indicted for selling intoxicating liquors for beverage purposes.

The three indictments were consolidated for trial. Fleck pleaded guilty to the conspiracy charge (the only one made against him), and testified for the government. Berner was acquitted under the first and second indictments, and convicted upon both counts of the third. He does not ask review. Knable, who was a police sergeant, and Miller and Paige, who were patrolmen in the service of the city of Cleveland, were convicted under the first two indictments (as was also Gosiorosko), and sentences were thereupon imposed upon all four. The three police officers constituted the liquor squad of the Seventh precinct of Cleveland. The assignments of errors specially relied upon relate to the refusal to direct verdict for plaintiffs in error, the refusal of certain requests to charge, and alleged improper and prejudicial remarks by the district attorney in his closing argument to the jury.

1. The court rightly refused to direct verdict for plaintiffs in error. Fleck was proprietor of the Green Valley Inn, and was in the habit of putting on pig roasts, clam bakes, etc. It was the government's contention that plaintiffs in error arranged with Fleck to give them the exclusive use of his place, "the whole place, all except the kitchen," during the afternoon and evening of November 14, 1923, Fleck to put on a pig roast, for which—including a "Dutch lunch" during the afternoon—he was to receive from plaintiffs in error $2 a plate, and in fact received in all $780; that plaintiffs in error were to have the exclusive sale of the liquors and beer, and to have their own men "take care of" it, Fleck to have no liquor at all during the time stated; that plaintiffs in error brought large quantities of whisky and beer, and two games, "chuck luck" and "Klondike"; that the festival was largely

attended, that liquor flowed freely (a considerable number of the guests becoming intoxicated), and that both the liquor sales and gambling devices netted plaintiffs in error a large sum. There was ample and substantial testimony in support of the indictments against each of the plaintiffs in error.

[1, 2] Upon motion to direct verdict, the testimony must be considered in its aspect most favorable to the government. It is elemental that we cannot weigh the testimony or pass upon the credibility of the witnesses. Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Kelly v. United States (C. C. A. 6) 258 F. 392, 169 C. C. A. 408. The evidence, if believed, was sufficient to establish the conspiracy charged within the rule stated in Remus v. United States (C. C. A. 6) 291 F. 501.

[3] Fleck was an accomplice, and the convictions of the respective plaintiffs in error rested largely, though by no means entirely, on his testimony; but that is not enough to invalidate the verdict, where, as here, the jury was properly instructed as to the weight to be given it. Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Holmgren v. United States, 217 U. S. 509, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778. The charge in the instant case, as to the caution to be exercised by the jury in considering the testimony of accomplices, was sufficient. Ray v. United States (C. C. A. 6) 265 F. 257; Albert v. United States (C. C. A. 6) 281 F. 511, 515.

[4, 5] This court of review cannot consider arguments that others, no less culpable than plaintiffs in error, were not arrested; that certain of the witnesses for the government failed to implicate plaintiffs in error; that the latter denied the criminal charge; that the stories of certain witnesses were improbable and actuated by motives of revenge; that "the practice indulged in nowadays by enforcement officials in believing the stories about 'higher ups' * * * which are always told by violators of the law, * * * for the purpose of exculpating themselves and mitigating their offense has reached its logical conclusion in this case"; and that the "conviction should be reversed, if for no other reason than to teach the enforcement officials that they cannot achieve notoriety and gain a record for law enforcement at the expense of the reputation and liberty of men whose character heretofore has been above reproach, and, in so doing, condone the offense of persons who are violators of law." Nor has the action of the Judicial Council in advising caution in the use of the conspiracy statute any relation to the duty of the reviewing court in respect to the issues presented here.

[6] 2. We think the trial court did not err in refusing to instruct the jury in effect that a common nuisance could not be found to exist unless whisky was sold at the place in question on other days than November 14, 1923. True, the maintenance of a nuisance cannot always be predicated upon a single sale, although the latter may be evidence of such maintenance. But we know of no rule that, to constitute a nuisance, the series of sales must have continued over a longer period than one day. To the contrary, see United States v. Reisenweber (C. C. A. 2) 288 F. 520, 525; Singer v. United States (C. C. A. 3) 288 F. 695, 696.

[7] Nor do we think there was reversible error in refusing to instruct the jury, as matter of law, that the witnesses Kennedy and Prestes were accomplices from the mere fact that as alleged employés of plaintiffs in error on the occasion in question they participated in the sale of liquor. Strictly speaking they were accomplices. But neither of them was indicted or arrested, nor is it claimed that either was a party to, or profited by, the transaction, except to the extent of their employment and wages, although it is said that Prestes was engaged by Kennedy to work for that day. Kennedy regularly worked for Fleck; Prestes had been in the latter's employ at a previous time. The jury had been instructed as to the law of accomplices. The request we are considering was made after the court had concluded its charge on its own motion. There was nothing in the court's remarks in refusing the requested instruction necessarily inconsistent with the right of the jury to treat the witnesses as accomplices. Had the request been made previous to the charge, presumably appropriate instructions would have been given. The testimony of the two witnesses in question was not so necessary to conviction as to justify reversal for the refusal complained of, made at the time and under the circumstances stated, especially in view of section 269 of the Judicial Code, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

3. Complaint is made of the remarks of the district attorney in his closing argument to the jury, arraigning the conduct of plain-

tiffs in error. We have heretofore said: "This court has never regarded with favor arguments by a district attorney calculated to inflame the minds of the jurors and prejudice them against the accused. On the other hand, the district attorney has the right, and it is no doubt his duty, so long as he confines his argument to the evidence in the case, to present the government's side of the case in forcible and direct language." Remus v. United States, 291 F. at page 511.

Among the more prominent of the district attorney's remarks are these: "I say to you that a government, a civic community, can only live when it has good, honest police officers. When we haven't, get rid of them; they are no good to themselves, they are a danger to the community, and they make criminals. I say to you, gentlemen of the jury, Knable, Paige, and Miller are a danger to our community, and we ought to get rid of them." And again: "When you have a good, honest police force, you will have law and order; at least remember, if you have a police force that isn't honest, you can't expect anything; * * * any police officer, * * * an honest police officer, a man of integrity, would not go to Green Valley Inn, and partake there, and stay there for five or six hours, seeing the gambling games, watching the gambling games, and watching them selling liquor, and consider them a good citizen. Do you? Are you safe in your community? Is anybody safe? Is our property safe? Are our lives safe?" The district attorney also referred to Gosiorosko as a bootlegger. The testimony indicated that he personally brought to Green Valley Inn the beer and whisky which were consumed on the occasion in question. The primary test of the propriety of these remarks of the district attorney is not whether every one is bound to agree with the speaker, but whether the argument is legitimate from the standpoint of the government and the testimony adduced. We cannot say it was not legitimate in the light of this record. It is not necessarily a conclusive answer that the officers were outside of the city of Cleveland, and so were not present as officers.

[8, 9] But it is enough to say that no objection was made to these remarks, no exception taken to them, and no request made for an instruction by the court to disregard them. Plaintiffs in error are thus not entitled, as matter of law, to have them reviewed. Crumpton v. United States, 138 U. S. 361, 11 S. Ct. 355, 34 L. Ed. 958; Chadwick v. United States (C. C. A. 6), 141 F.

225, 246, 72 C. C. A. 343; Gd. Trunk Ry. Co. v. Blay (C. C. A. 2), 297 F. 605, 607. It is to be presumed that if the attention of the trial court had been challenged to the propriety of the remarks referred to proper ruling would have been made, or the remark withdrawn or both, as was done in the case of one or more other remarks. See Dunlop v. United States, 165 U. S. 486, 498, 17 S. Ct. 375, 41 L. Ed. 799. We think the instant case is not of a character calling upon us to overlook settled rules relating to review of action upon the trial.

We have carefully considered, although we have not discussed, all of the criticisms of the district attorney's argument. We find no reversible error in the record, and are not impressed that plaintiffs in error have been denied a fair trial.

The judgment in the case of each plaintiff in error is accordingly affirmed.