## MODER et al. v. UNITED STATES.
### No. 5747.

Court of Appeals of the District of Columbia.

Argued Feb. 6, 1933.

Decided April 3, 1933.

See, also, 61 App. D. C. 300, 62 F.(2d) 462.

Jesse C. Duke, of Washington, D. C., for appellants.

Leo A. Rover and Harold W. Orcutt, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

In this case an indictment was returned against thirty-six defendants, including the appellants, charging that during the period from January 1, 1929, to December 3, 1931, the accused had conspired together to commit a large number of offenses consisting in the unlawful manufacture of intoxicating liquor at eight several buildings, the unlawful possession of intoxicating liquor at twenty-three buildings, the unlawful transportation of liquor from five buildings to eleven other buildings, the unlawful sale of liquor at twelve buildings, the unlawful possession of property designed for the unlawful manufacture of liquor at nine buildings, all in the District of Columbia. The indictment sets forth thirty-two overt acts alleged to have been committed by the accused, at least one overt act being set out for each of the thirty-six defendants.

Before the trial, twenty-one of the defendants entered pleas of guilty. A nolle prosequi was entered as to another. One was not put to trial, because he was then held by Maryland authorities upon another charge. The other thirteen defendants went to trial, with the result that five of them were found not guilty and eight were found guilty. Five of the eight who were convicted appealed, namely, Adolph Rudy Moder, James Caparrotta, James Richard Posey (alias Dominic Caparrotta), Rocco Caparrotta, Rocco Pellicano, and Thomas Michael Crane. Four of these appellants have since dismissed their appeal, leaving James Richard Posey (alias Dominic Caparrotta) as the sole appellant herein.

The record sets out the testimony taken at the trial below and the assignment of errors filed by the appellants. Our consideration of the assignments has been made more difficult by the fact that no brief in behalf of appellant Posey has been filed in the case.

The assignment of errors first charges that the court admitted certain documentary evidence "beyond the time alleged in the indictment." This relates apparently to cer-

tain leases of the premises named in the indictment. These were dated about two months before the period covered by the crime charged in the indictment, but the terms provided by them included part of the period of time charged therein. Furthermore, it appeared that during the tenancy named in the leases the premises were used by Posey and the other defendants in the commission of the offense charged in the indictment. The testimony, therefore, was admissible. Heike v. United States, 227 U. S. 131, 145, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

It is assigned as error that the court refused to direct a verdict of not guilty at the close of the government's case, and also at the close of all the evidence in the case. The record, however, does not disclose that such a motion was made by appellant Posey. Moreover, the testimony contained in the record tends unmistakably to sustain the averments of the indictment against him. Hansen v. Boyd, 161 U. S. 397, 16 S. Ct. 571, 40 L. Ed. 746.

■ It is charged that the court erred in admitting documentary evidence alleged to have been obtained by illegal search and seizure, "which seizure was unknown to the defendants prior to the offering in evidence by the Government of the same, and which documents proved a deciding factor in the conviction of the appellants." The generality of this assignment makes it difficult to discuss it, but it appears that the documentary evidence in question was seized by the officers when making the arrest of appellants. These arrests were made upon manifest evidence of guilt, and the officers were justified in seizing the fruits, instrumentalities, and evidence of the crime. It was not error to admit them in evidence. Haywood v. United States (C. C. A.) 268 F. 795, 803; Remus v. United States (C. C. A.) 291 F. 501; Shore v. United States, 60 App. D. C. 137, 49 F. (2d) 519.

■■ It is further assigned as error that the verdict of the jury was contrary to the evidence and contrary to the instructions of the court and the court erred in refusing to set the same aside; also that the court erred in overruling the motion of defendants for a new trial. A reading of the evidence contained in the record discloses that it fully sustains the verdict of the jury. It discloses also that no exceptions were taken to the instructions delivered by the court to the jury. As to the alleged error of the court in refusing to grant a new trial for the defendants,

it may be noted that this was within the discretion of the trial court, and its ruling will not be reversed except in case of a manifest abuse of discretion. Such abuse cannot be claimed in this case. Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996; Whelan v. Welch, 50 App. D. C. 173, 269 F. 689.

It is further assigned that the court erred in refusing to apply the doctrine of res adjudicata in the case due to the fact that evidence was introduced showing convictions of appellant on the same charges set out in the indictment, and that the court erred in admitting evidence of such former convictions. It appears, however, that in so far as the appellant Posey is concerned the only proof of former convictions is contained in testimony voluntarily offered by him as a witness at the trial. These convictions related to separate sales of intoxicating liquors and were offenses not identical with the conspiracy charged in the indictment.

It is further assigned that the court erred in holding that the Supreme Court of the District of Columbia had jurisdiction to try the indictment herein, which is alleged to be solely a United States offense, if any. The answer to this is to be found in section 43, title 18, D. C. Code 1929, which reads as follows: "The said court shall possess the same powers and exercise the same jurisdiction as the district courts of the United States, and shall be deemed a court of the United States." This subject is fully discussed in our recent case of Pitts v. Peake, 60 App. D. C. 195, 50 F. (2d) 485.

■ It is further assigned as error that the Assistant United States Attorney was guilty of improper argument to the jury in the progress of the case. A review of the record discloses that there is no merit in this assignment. It does not appear that any objection to remarks of counsel for the government was taken when alleged to have been made. Nor are the remarks thus challenged set out in the record. The objection may therefore be dismissed as untenable. Crumpton v. United States, 138 U. S. 361, 11 S. Ct. 355, 34 L. Ed. 958.

■ It is further alleged "that since the passage of the Act of January 15, 1931 (27 USCA § 91), amending the National Prohibition Act, a prosecution for conspiracy to violate the said act involves cruel and unusual punishment and is an unconstitutional provision and is opposed to public policy as set forth in said Act of January 15, 1931." The question here set out relates to legislative

policy, and not to the application of the statute to the present case.

It is said in Clune v. United States, 159 U. S. 590, 595, 16 S. Ct. 125, 126, 40 L. Ed. 269: "A conspiracy to commit an offense is denounced as itself a separate offense, and the punishment therefor fixed by the statute, and we know of no lack of power in congress to thus deal with a conspiracy. Whatever may be thought of the wisdom or propriety of a statute making a conspiracy to do an act punishable more severely than the doing of the act itself, it is a matter to be considered solely by the legislative body. Callan v. Wilson, 127 U. S. 540–555, 8 S. Ct. 1301 [32 L. Ed. 223]. The power exists to separate the conspiracy from the act itself, and to affix distinct and independent penalties to each."

Upon a consideration of the record, we are satisfied that the judgment of the lower court should be and it hereby is affirmed.