Harry Sawyer v. United States, 89 F. (2d) 139.

The motion for a bill of particulars is denied.

## UNITED STATES v. FOX.

District Court, S. D. New York.
March 11, 1937.

464

Lamar Hardy, U. S. Atty. (Curtis Charles Shears, Asst. U. S. Atty., of New York City, of counsel), for the United States.

MOSCOWITZ, District Judge.

An application has been presented by the United States attorney for this district requesting an order directing the United States marshal for the Southern District of New York to pay $164.50 to a handwriting expert for services rendered by him in this case.

It appears that Fox was indicted by the grand jury, and that on the 20th of November, 1936, one of the judges of this court signed an order directing that Mr. Scott E. Leslie be employed on behalf of the defendant as a handwriting expert, at the expense of the United States of America, to examine certain questioned documents and testify thereto on defendant's behalf, and that the costs incurred by reason of the employment should be paid in an amount to be fixed by the trial judge in the same manner that similar costs and fees are paid in the case of witnesses subpoenaed on behalf of the United States of America, under section 656 of title 28 of the United States Code (28 U.S.C.A. § 656).

During the trial Mr. Leslie appeared as a witness for the defendant on November 24, 25, and 27, December 1, 2, 3, 4, 5, and 12, testified in court on December 14, and made negatives and enlargements, which services he has made affidavit are reasonably worth the sum of $164.50.

Section 656 of title 28 of the United States Code (28 U.S.C.A. § 656) provides as follows: "Whenever any person indicted in a court of the United States makes affidavit, setting forth that there are witnesses whose evidence is material to his defense; that he can not safely go to trial without them; what he expects to prove by each of them; that they are within the district in which the court is held, or within one hundred miles of the place of trial; and that he is not possessed of sufficient means, and is actually unable to pay the fees of such witnesses, the court in term, or any judge thereof in vacation, may order that such witnesses be subpoenaed if found within the limits aforesaid. In such case the costs incurred by the process and the fees of the witnesses shall be paid in the same manner that similar costs and fees

are paid in case of witnesses subpoenaed in behalf of the United States." R.S. § 878.

No precedent has been called to the court's attention for the order herein sought. R.S. § 878, cited to this section, was derived from Act of August 8, 1846, c. 98, § 11, 9 Stat. 74. The fact that there is no precedent to guide the court should not prevent the granting of this application.

The purpose of Congress in enacting section 656 was to provide witnesses for indigent defendants in criminal cases. The making of the order authorizing the employment of Mr. Leslie by one of the judges of this court rested in his sound discretion. Goldsby v. United States (Ark.1895) 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Crumpton v. United States (Ark.1890) 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Dupuis v. United States (C.C.A.Or.1925) 5 F.(2d) 231. Section 656, 28 U.S.C.A., under the circumstances herein disclosed, gave the District Judge who made the order ample authority in the exercise of his sound discretion to make the order engaging the service of Mr. Leslie as a handwriting expert. The United States attorney who makes this application does not question this, nor does the Attorney General.

There has been submitted upon this application the following letter signed by Hon. S. A. Andretta, Acting Administrative Assistant to the Attorney General, to Hon. Lamar Hardy, United States Attorney:

"The Department is in receipt of your letter of December 29, 1936, JVBM-75522, in connection with the employment under court order of a handwriting expert on behalf of a poor defendant. It is noted that Scott E. Leslie, the expert, was engaged and rendered services for the defendant in the case of United States vs. Samuel S. Fox on November 24, 25, 27, December 1, 2, 3, 4, 5 and 12 and testified in court on December 14 and that he made negatives and enlargements for which he has charged $14.50 and for services $150.

"The Department can find no precedent for payment of expenses of exactly this character but, in view of the terms of title 28, section 656, United States Code, if Judge Moscowitz will issue the necessary order covering the services and expenses of the expert, the United States Marshal may submit Mr. Leslie's account, properly itemized, together with a copy of said order of court, to the Department for preaudit prior to payment. The incurrence of the

expense bears the Department's approval and, if approved upon preaudit, will be paid from the appropriation 'Miscellaneous Expenses, U. S. Courts, 1937'."

The order submitted by the United States attorney has been signed authorizing the United States marshal to pay Mr. Leslie the handwriting expert for his services in this case.