### BELAND et al. v. UNITED STATES.*
### No. 8776.

Circuit Court of Appeals, Fifth Circuit.
Dec. 8, 1938.

---

*Writ of certiorari denied 59 S.Ct. 485, 83 L.Ed. ——.

A. M. Mood, of Fort Worth, Tex., for appellants.

Clyde O. Eastus, U. S. Atty., and William P. Fonville, Asst. U. S. Atty., both of Fort Worth, Tex., for the United States.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Appellants, with others, were convicted on an indictment containing fifty-one counts. Of the first fifty counts, the odd numbered charged substantive violations of the Harrison Anti-Narcotic Act, 26 U.S.C.A. §§ 1040–1054, 1383–1391, and those bearing even numbers charged the substantive violation of the Drugs Import and Export Act, 21 U.S.C.A. § 174. The fifty-first count charged all of the defendants with conspiracy to violate the provisions of the above mentioned acts. Lucy Beland was convicted on the 51st count only. Jacqueline Beland was convicted on counts 27, 31, 37, and 51. Joe Beland was convicted on counts 27, 31, 37 and 51. Elizabeth Stonehocker was convicted on counts 23, 27, and 51.

The first assignment of error relied upon by appellants is that the indictment charged only one general conspiracy and that the proof showed several separate and distinct conspiracies. It is not necessary to prove that all the defendants in the indictment conspired together. If it were proven to the satisfaction of the jury that these appellants conspired one with the other or

with another defendant, such proof would be sufficient to support the verdict. Schefano v. United States, 5 Cir., 84 F.2d 513.

■ Appellants' next contention is general in that it alleges that the evidence fails to support the verdict. This contention is without merit. Under the Harrison Anti-Narcotic Act, 26 U.S.C.A. § 1043(a), evidence that no revenue tax stamps were affixed to the drugs at the time of their delivery is prima facie evidence that the same were not sold in or from original stamped packages. Acuna v. United States, 5 Cir., 74 F.2d 359; Flowers v. United States, 8 Cir., 83 F.2d 78. This prima facie evidence was never overturned. Moreover, there is abundant evidence in the record to support the conviction of these defendants.

■ Any substantial evidence of knowledge and participation in conspiracy will justify a verdict of guilty. A conspiracy is a combination of two or more persons, by concerted action, to accomplish a criminal or unlawful purpose, or some purpose not in itself criminal or unlawful, by criminal or unlawful means. No formal agreement between the parties is essential to the formation of the conspiracy, for the agreement may be shown by concerted action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose. Marino v. United States, 9 Cir., 91 F.2d 691, 113 A.L.R. 975; Fowler v. United States, 9 Cir., 273 F. 15; Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419.

■ The existence of a conspiracy may be shown by inference. It may be established by circumstantial evidence. Davidson v. United States, 6 Cir., 274 F. 285; Jezewski v. United States, 6 Cir., 13 F.2d 599; Smith v. United States, 8 Cir., 157 F. 721.

■■ If there is any substantial evidence before a jury on which to base a conviction, this court will not disturb the verdict and will not inquire into or measure the weight of the evidence. In such a case, a request for a peremptory instruction of not guilty is properly refused. Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Riddle et al. v. United States, 5 Cir., 279 F. 216, 217; Humes v. United States, 170 U.S. 210, 18 S.Ct. 602, 42 L.Ed. 1011.

■ Appellants contend that the verdict is too inconsistent to stand on the substantive counts of the indictment. This point is not well taken. "The verdict finding the defendant guilty as to one count and not guilty as to the other is neither repugnant nor inconsistent, for while we may assume that the transaction charged in each count is the same, the offenses are different, and each offense contains elements not found in the other. Under such circumstances, a verdict of not guilty as to one count is not inconsistent with a verdict of guilty as to the other." Lee Choy v. United States, 9 Cir., 293 F. 582, 584.

■ The appellants further contend that the court erred in that it refused to give certain requested instructions in regard to circumstantial evidence. We do not find these requested instructions in the record, and, therefore, cannot consider them. We have, however, considered the oral charge of the court, and have found that it clearly and fairly states the law. Shepard v. United States, 9 Cir., 236 F. 73; 16 C.J. Sec. 2434, p. 1010.

■ The appellants can take nothing by the court's refusal to grant to them a bill of particulars. Such refusal was within the sound discretion of the court. Certainly, it has not been abused in this case. Ginsberg v. United States, 5 Cir., 96 F.2d 433; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

■ The indictment is substantially in the form of the statute and charges specific overt acts in regard to all of these defendants. That is all that is required. Tapack et al. v. United States, 3 Cir., 220 F. 445.

■ Appellants contend that the Harrison Anti-Narcotic Act is unconstitutional. Our court of last resort has passed upon this question and held this act constitutional. Alston v. United States, 274 U.S. 289, 47 S. Ct. 634, 71 L.Ed. 1052.

The judgment is affirmed.