## PULLIN v. UNITED STATES.
### No. 8994.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1939.

Rehearing Denied June 15, 1939.

Joel B. Mallet, of Jackson, Ga., for appellant.

A. Sidney Camp, Asst. U. S. Atty., of Atlanta, Ga.

Before FOSTER and McCORD, Circuit Judges, and BORAH, District Judge.

McCORD, Circuit Judge.

Henry W. Pullin was indicted for violation of the Internal Revenue Laws. The indictment contained four counts and he was convicted on the first and third counts. The first charged a conspiracy and the third charged the possession of fifty gallons of liquor on which the tax had not been paid.

Appellant sought to destroy the indictment by motion to quash and by demurrer. The indictment is substantially in the form of the statute and charges specific overt acts in regard to the defendant. That is all that is required. Beland v. United States, 5 Cir., 100 F.2d 289; Tapack v. United States, 3 Cir., 220 F. 445.

Appellant contends that the evidence was not sufficient to support the verdict and that there was a fatal variance between the allegations in the indictment and the proof. It is settled law that if there is any substantial evidence before a jury on which to base a conviction, the appellate court will not inquire into or measure the weight of the evidence. The existence of a conspiracy may be shown by inference or circumstantial evidence and any substantial evidence of knowledge and participation in a conspiracy will justify a verdict of guilty. Here there was no material variance between the charges in the indictment and the proof, and there was substantial evidence to support the verdict of the jury. The request of the defendant

for a peremptory instruction of not guilty was properly refused. Beland v. United States, 5 Cir., 100 F.2d 289; Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Riddle et al. v. United States, 5 Cir., 279 F. 216.

█ █ The appellant further complains that the government failed to prove that the offenses charged were committed within the jurisdiction of the trial court. This case came up from the Newnan Division of the Northern District of Georgia, and it is contended that certain of the overt acts set out in the indictment were committed in another division. The other overt acts, however, were committed in the Newnan Division where the defendant was tried and convicted. The extent of the sentence, one year and one day, did not exceed that which might lawfully have been imposed under either count and the verdict must stand if the evidence was sufficient to support the conviction under either count. A conspirator may be tried either at the place where the conspiracy was entered into or where the overt act was committed. Venue as alleged was clearly shown by the evidence. Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; Smith v. United States, 9 Cir., 92 F.2d 460; Diehl v. United States, 8 Cir., 98 F.2d 545; Abrams v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173.

The judgment is affirmed.