## SANCHEZ v. UNITED STATES.
### No. 9106.

Circuit Court of Appeals, Fifth Circuit.
Dec. 27, 1939.

Rehearing Denied Jan. 29, 1940.

M. J. Raymond, of Laredo, Tex., for appellant.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Ygnacio Sanchez was jointly indicted with Armando Ramirez, Melquiades Ramirez, Humberto Martinez, and Juan Martinez. The indictment contained eleven counts. The first count charged the defendants with conspiracy to violate the customs laws of the United States. The remaining ten counts charged substantive violations of the customs laws, particularly Section 1593 of Title 19 U.S.C.A.

Ygnacio Sanchez and Melquiades Ramirez entered pleas of not guilty to all counts of the indictment. Armando Ra-

mirez entered a plea of guilty to all counts. Humberto Martinez and Juan Martinez, being fugitives, were not on trial.

Melquiades Ramirez was found not guilty on all counts of the indictment. Sanchez was found not guilty on the first ten counts and guilty on the eleventh count. He was thereupon fined $1,000 and sentenced to thirteen months in the penitentiary. We now consider his appeal.

The eleventh count of the indictment charged that the defendants did unlawfully, fraudulently, and knowingly, receive, buy, sell, transport, conceal, and facilitate the transportation of four mules all in violation of the customs laws, 19 U.S.C.A. § 1593.

There is evidence that at least three of the four mules in question had been smuggled across the river from Mexico into the United States; that the defendant, Sanchez, knew that they had been smuggled; that he knew at the time they came into his possession that duty had not been paid on them; that he sold the mules to one Herman O'Keefe; that later on a customs officer, Roy Hearn, seized the mules and confiscated them as smuggled property; that Sanchez was apprised of the seizure and that he made no claim to the mules but paid O'Keefe for them; that he contended that three of the mules belonged to his nephew and that only one mule belonged to him. O'Keefe denied that Sanchez mentioned his nephew, Armando Ramirez, while the trade was being made; and that no mention was made that anyone except the defendant owned the mules. The customs officer, Roy Hearn, testified that Sanchez told him that he knew the brands on the mules, that they were registered in Mexico, and that he (Sanchez) had information that they had been smuggled.

19 U.S.C.A. § 1593(c) provides that whenever a defendant is shown to have had possession of smuggled goods "such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury." There is evidence to show that Sanchez had possession of the mules. Sanchez contradicted each of the witnesses who testified against him, but the jury did not accept his explanation as to the possession of the mules. There was substantial evidence before the jury on which to base a conviction and this court will not inquire into or measure

the weight of the evidence. There being such evidence before the jury, the request for a peremptory instruction of not guilty was properly refused. Beland v. United States, 5 Cir., 100 F.2d 289; Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Pullin v. United States, 4 Cir., 104 F.2d 57; Riddle et al. v. United States, 5 Cir., 279 F. 216.

 The appellant contends that the court erred in overruling motions for a continuance and a new trial. The denial of the motions was an exercise of sound discretion by the court and was not error. Isaacs v. United States, 159 U.S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229; Zottarelli v. United States, 6 Cir., 20 F.2d 795.

There is no merit in the assignments of error. The rulings and charge of the court are without prejudicial error and the judgment is affirmed.