**FERGUSON v. UNITED STATES.**

No. 9706.

Circuit Court of Appeals, Fifth Circuit.

May 6, 1941.

Rehearing Denied May 31, 1941.

Harry Preston Lawther, Wm. M. Cramer, and Maury Hughes, all of Dallas, Tex., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

H. W. Ferguson was convicted under an indictment which charged that in violation of 12 U.S.C.A. § 984 he unlawfully, wilfully, knowingly, and feloniously abstracted and converted to his own use monies belonging to the Dallas Joint Stock Land Bank of Dallas, Texas; and that in violation of 18 U.S.C.A. § 88 he conspired with one C. R. Craddock to commit such offense. On a former appeal by Ferguson the judgment of conviction was reversed and the cause was remanded because of errors in the court's instructions to the jury. The case was then tried for a second time and the jury again returned a verdict of guilty on five counts of the indictment, and Ferguson was fined and sentenced to serve a term of eighteen months in the penitentiary.

The evidence in the record now before us is in substance the same as that contained in the record on the former appeal. It is, therefore, unnecessary to again state the facts and circumstances surrounding the questioned transaction. See Ferguson v. United States, 5 Cir., 112 F.2d 132, 134.

■ There is no merit in the contention that the court erred in refusing to instruct the jury to return a verdict of not guilty. When the case was here before we stated that Ferguson's guilt depended on "whether the land became the land of the Bank in March, 1937; and if so, on whether Ferguson wilfully and knowingly abstracted monies, the proceeds of the land and belonging to the Bank, with intent to deprive the Bank of them. On all the evidence Ferguson was not entitled to an instructed verdict in his favor." What was said then is applicable now.

The appellant attacks the testimony of Charles S. McCombs; a witness for the government. McCombs, who was attorney for the bank at the time the Berkman-Fowler transaction was consummated, testified that Ferguson instructed him to prepare a deed to S. K. Fowler for the benefit of the bank. Ferguson denied that he had given McCombs any such instruction, and in other particulars the testimony of these two witnesses is in sharp conflict. Ferguson contends that his was the correct testimony and that McCombs' testimony should not be believed.

■ The jury saw and heard the witnesses and apparently accepted McCombs' version of the transaction in preference to that of Ferguson. It is sufficient to say that the credibility of the witnesses and the weight to be given to their testimony were questions exclusively for the jury, and that this court will not inquire into or measure the weight of the conflicting evidence. Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Riddle v. United States, 5 Cir., 279 F. 216; United States v. Manton, 2 Cir., 107 F.2d 834; Sanchez v. United States, 5 Cir., 108 F.2d 735; United States v. Glasser, 7 Cir., 116 F.2d 690.

The appellant complains that the court again committed reversible error in its instructions to the jury, and that the erroneous instructions adverted to in our former opinion were in effect and substance given to the jury on the second trial. At the request of the defendant the court gave two special charges which stated the issues in a light most favorable to Ferguson. We have carefully read and considered the entire charge of the court, and have found that it contains no error prejudicial to the rights of this appellant.

Other errors assigned are without merit and do not require discussion here. There was substantial evidence before the jury on which to base a conviction. The judgment is affirmed.