## WARD v. UNITED STATES.
### No. 13802.

United States Court of Appeals
Fifth Circuit.

April 5, 1952.

John M. Coe, Pensacola, Fla., Alvin B. Jones, New Orleans, La., for appellant.

Richard C. Baldwin, Asst. U. S. Atty., John N. McKay, U. S. Atty., New Orleans, La., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was convicted on one count of an indictment charging him with violation of the Selective Service Act of 1948, Title 50 U.S.C.A.Appendix, § 465(b), in that, between the dates of March 30, 1951, and May 31, 1951, he knowingly failed to furnish his local Selective Service Board with an address where mail might reach him, as required by Section 1641.3 of the Selective Service Regulations.

On September 18, 1948, appellant registered with a local Selective Service Board in New Orleans, La., giving as his address, and the address of the person who would always know his whereabouts, a certain street and number in that city. He stated his occupation as student, and place of employment as Wilberforce University, Wilberforce, Ohio. On June 7, 1949, a classification questionnaire was mailed to appellant at the New Orleans address.

On October 18, 1949, the Board wrote to appellant at the New Orleans address, notifying him that it had not received the completed questionnaire, and that he should contact the Board. On March 21, 1950, a duplicate questionnaire was mailed to him at the same address; and on March 30, 1951, the completed questionnaire was returned, with the registrant's address listed as 72 West 107 Street, New York City. In the space provided for the name and address of his employer, appellant wrote, "N. Y. Organizing Committee for a Labor Youth League, 799 Broadway, N. Y. C." A notice of classification was mailed to him on April 28, 1950, addressed to 72 W. 107 Street, New York, N. Y.

On January 15, 1951, an order to report for physical examination was mailed to him at 72 W. 107 Street, and was returned to the Board stamped, "Returned to sender. Removed. Left no address, New York, New York." The Board wrote a letter to Mrs. Dorothy Ward, whose name appellant had given as the person who would always know his whereabouts. On February 2, 1951, in response to the inquiry, she replied that she had not heard from Roosevelt Ward, Jr., and did not know where he was located; that the last address of which she knew was 204 W. 149th Street, New York, N.Y. A letter mailed to Ward at 204 W. 149 Street, New York City, was returned to the Board stamped, "Not at address given. New York City, N. Y."

A letter of inquiry was mailed to Wilberforce University; the university advised that Ward was not registered there; and suggested that he might be a student at the College of Education and Industrial Arts, Wilberforce, Ohio. In reply to a letter of inquiry, the latter stated that Ward had been enrolled there during 1946–1947, but could give no further information. An order to report for induction was mailed to Ward at 72 W. 107 Street, but was returned stamped, "Returned to sender. Moved. Left no address." The Board subsequently reported Ward as delinquent, and he was placed under arrest at 799 Broad-way, New York City, by an agent of the Federal Bureau of Investigation.

On the trial of the case before a jury, the defendant testified that he had frequently changed his residence in New York City; that he had not notified the Board of such changes for the reason that he had listed his employer's address in the questionnaire that he had completed and returned to the Board; and that he had relied on that address as fulfilling the requirements of furnishing the Board with an address where mail might reach him. The questionnaire which was returned to the Board by Ward showed his address as being 72 West 107 Street. Under another section of the questionnaire was a space for the name and address of the registrant's employer, said address being given as 799 Broadway. Though the Selective Service registration card provided a space for the name and address of the registrant's employer at the time of registration, there was no space for the recordation of any change in the employer's address. There were spaces for the recordation of changes of the registrant's address. Appellant's registration card reflected all the changes of his address that had been reported to the Board, but reflected no change in the address of his employer; thus it still reported his employer as being Wilberforce University. The appellant introduced evidence to show that he had received mail addressed to him at 799 Broadway.

The court below instructed the jury, as requested by the defendant, that if it found from the evidence that the defendant furnished to said Board one or more of his correct addresses at which mail would be delivered to him, he was not guilty, "and you must find a verdict of acquittal." The court denied the defendant's requested instruction No. 3, which was to the effect that, in determining whether or not defendant in good faith furnished or failed to furnish his local board with his address where United States mail might reach him, the jury might take into consideration the provisions of subsection (b), Section 1642.41, of the Selective Service Regulations.[1] Ap-

1. "In endeavoring to locate and to secure the compliance of a delinquent prior to reporting him to the United States Attorney, the Local Board shall contact the

pellant excepted to the court's including the following in its instructions to the jury: "The intent and motives of this defendant are the most important factors in this case."

■ The appellant has specified as error that the evidence was insufficient to support the verdict; that the court erred in instructing the jury as to motive and intent, and in denying defendant's requested instruction No. 3; and that the court also erred in permitting the jury to consider evidence of other instances where the defendant neglected to give notice of changes of address, and of the mailing and non-receipt of communications outside of the period of time covered by the indictment. In overruling defendant's objections to the admission of evidence of events outside the dates in the indictment, the court below held, "One of the basic elements of this offense is knowledge, and evidence may be obtained which may not come within the dates specified in the indictment but may have very great relevancy on the question." In its instructions to the jury, the court stated that the law sought to punish a person only if he knowingly failed or neglected his duty; that an actual knowledge of the existence of an obligation and a wrongful intent to evade it is of the essence.[2] We think that the court below was correct in its rulings on the evidence and in its instructions to the jury. Section 462 of the Act specifically provides that "Any * * * person * * * who shall *knowingly* fail or neglect to perform such duty," shall be punished. (Emphasis supplied.) See United States v. Sebo, 7 Cir., 101 F. 2d 889, 891; Weiss v. United States, 5 Cir.,

122 F.2d 675, 682, certiorari denied, 314 U. S. 687, 62 S.Ct. 300, 86 L.Ed. 550; United States v. Hoffman, 2 Cir., 137 F.2d 416, 419; United States v. Weiss, 2 Cir., 162 F.2d 447.

■ No error was committed by the court in denying defendant's requested instruction No. 3. Section 1642.41(b) of the regulations, in prescribing the duties of the Board, does not relieve a registrant from the duties imposed upon him. Section 1642.-3 of the regulations provides that, "Compliance by a local board or any other agency of the Selective Service System with any or all of the procedures prescribed by the regulations in this part is not a condition precedent to the prosecuting of any person under the provisions of Section 12, Title I of the Universal Military Training and Service Act as amended." See also Le More v. United States, 5 Cir., 253 F. 887, 893; Freeman v. United States, 5 Cir., 96 F.2d 13; Locke v. United States, 5 Cir., 166 F.2d 449, 451; Williams v. United States, 5 Cir., 170 F.2d 319, 321, certiorari denied, 335 U.S. 909, 69 S.Ct. 412, 93 L. Ed. 442. As to the question of the sufficiency of the evidence, we think it is plain that there was ample and substantial evidence to support the verdict; and this being so, it should not be disturbed. Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Humes v. United States, 170 U.S. 210, 18 S.Ct. 602, 42 L.Ed. 1011; Riddle v. United States, 5 Cir., 279 F. 216; Beland v. United States, 5 Cir., 100 F.2d 289; Pullin v. United States, 5 Cir., 104 F.2d 57; Sanchez v. United States, 5 Cir., 108 F.2d 735.

Affirmed.

---

delinquent and the employer, or 'person who will always know' the delinquent's address, as shown on Registration card. * * * "

2. Court's instruction: "* * * The Court accordingly instructs the jury that the Act does not denounce as criminal, every failure to perform a duty imposed by the statute or regulations, but only seeks to punish a person 'who shall knowingly fail or neglect' his duty. There must be a specific wrongful intent. An actual knowledge of the existence of an obligation and a wrongful intent to evade

it is of the essence. Before this defendant can be found guilty this jury must be convinced beyond a reasonable doubt not only that he has failed to keep his board advised of the address where mail would reach him but also that he knowingly failed to do so. Unless the element of knowledge on the part of the defendant is found by you as a fact to have existed, or if you have a reasonable doubt of its existence, it will be your duty to acquit the defendant. The intent and motives of the defendant are the most important factors in this case."